UPTON TYSON v. CIBA-GEIGY CORPORATION AND FARM CHEMICAL CORPORATION

No. 8612SC220

(Filed 2 September 1986)

**1. Rules of Civil Procedure § 15.1 — pretrial amendment of complaint — denied — no error**

There was no clear abuse of discretion in the denial of a pretrial motion to amend a complaint to allege negligence where the motion was made over a year and a half after the complaint was filed. N.C.G.S. § 1A-1, Rule 15(a).

**2. Rules of Civil Procedure § 15.2 — amendment of complaint to conform to evidence — denied — no abuse of discretion**

The trial court did not err by denying plaintiff's motion to amend his complaint to allege negligence and conform the pleadings to the evidence where the evidence cited by plaintiff also supported the pleaded allegations of breach of warranty. Defendant's failure to object therefore did not amount to implied consent to try negligence. N.C.G.S. § 1A-1, Rule 15(b).

**3. Sales § 17.1 — Dual 8E herbicide — breach of express warranty — evidence insufficient**

The evidence was not sufficient to show that defendant breached an express warranty on Dual 8E, a herbicide, where the label attached to the product described its use in soybeans alone or with other herbicides, did not contain directions for mixing with Paraquat and a surfactant, and plaintiff testified that he mixed the Dual 8E with Paraquat and a surfactant and did not follow the directions on the label.

**4. Sales § 17.2 — disclaimer of implied warranty of merchantability — darker and larger type — effective**

Defendant effectively disclaimed the implied warranty of merchantability on its herbicide where the disclaimer on its label mentioned merchantability and was in darker and larger type than the other language on the label and was therefore conspicuous. N.C.G.S. § 25-1-201(10), N.C.G.S. § 25-2-316(2).

**5. Sales § 17.1 — salesman's statement — no express warranty**

The statement of a salesman that a herbicide would do a good job when mixed with other chemicals was a mere expression of opinion and did not create an express warranty. N.C.G.S. § 25-2-313(1)(a).

**6. Sales § 17.2— farm chemical supplier—breach of implied warranty—evidence sufficient**

The trial court erred by granting a directed verdict for defendant Farm Chemical where the evidence tended to show that plaintiff contacted Farm Chemical to order the herbicides Lasso and Lorox; plaintiff told an employee that he was planning the no-till cultivation of soybeans on 145 acres of land and described the type of soil on the land; defendant's employee gave Dual 8E a good recommendation, told plaintiff it would do a good job, would be less expensive than the chemicals plaintiff had used in previous years, and would be less risky on plaintiff's type of land; the employee told plaintiff that Dual 8E could be mixed with Paraquat and a surfactant to replace Lasso and Lorox and told plaintiff the amount of Dual 8E to use; plaintiff decided to use Dual 8E based on his past dealings with Farm Chemical and the employee's recommendations; plaintiff mixed the chemicals in accordance with the employee's instructions; the Dual 8E was ineffective in killing crabgrass; and there was evidence that Dual 8E must be mixed with Sencor, Lexone or Lorox and either Ortho Paraquat or Roundup.

APPEAL by plaintiff and cross appeal by defendants from *Smith (Donald), Judge.* Judgment entered 15 November 1985 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 20 August 1986.

This is a civil action wherein plaintiff seeks to recover $29,026.50 in damages for breach of express and implied warranties. In his complaint, plaintiff alleged that defendant Farm Chemical Corporation (hereinafter Farm Chemical) breached warranties made by its sales representative, relating to the effectiveness of Dual 8E, which is manufactured by defendant Ciba-Geigy Corporation (hereinafter Ciba-Geigy) and was sold by Farm Chemical to plaintiff for use in the no-till cultivation of soybeans. Plaintiff further alleged that Ciba-Geigy breached the implied warranty of merchantability and an express warranty that Dual 8E was reasonably fit for weed control in the no-till cultivation of soybeans. Farm Chemical filed an answer wherein it denied that its sales representative made any warranties concerning the use of Dual 8E in the no-till production of soybeans. Ciba-Geigy filed an answer, denying that it had made any warranties as alleged by plaintiff and alleging that it had expressly disclaimed any express or implied warranties. On 2 April 1984, plaintiff filed a motion to amend his complaint to allege that Ciba-Geigy negligently failed to supply plaintiff with an available label containing specific instructions for the no-till cultivation of soybeans. Plaintiff's motion was denied.

At trial, plaintiff introduced evidence tending to show the following: Plaintiff and his son, Vance Tyson, are farmers in Cumberland County and decided in 1980 to increase their no-till cultivation of soybeans to 145 acres. Plaintiff telephoned Farm Chemical to order the herbicides Lasso and Lorox. Plaintiff explained the characteristics of the land that he intended to use for no-till farming to a sales representative of Farm Chemical. The sales representative told plaintiff that a new herbicide, Dual 8E, when mixed with Paraquat and a surfactant, would work as well as the combination of Lasso and Lorox, would be less risky to use on his type of land, and would be less expensive. The employee gave plaintiff instructions on mixing the chemicals and told plaintiff that he should use one and a half to two pints of Dual 8E per acre. Plaintiff ordered thirty-five gallons of Dual 8E, based on the recommendation of the employee. Plaintiff received the shipment of Dual 8E from Farm Chemical on 10 June 1980 and began planting within the following two days. Vance Tyson testified that he read the label on the Dual 8E containers before mixing it with the other chemicals and that a table on the label indicated that, when using Dual 8E alone, one and a half to two pints per acre would be necessary to cultivate plaintiff's type of land. He further testified that he mixed the Dual 8E with Paraquat and a surfactant, as instructed by the employee of Farm Chemical, although the label on the Dual 8E did not indicate that it could be mixed with these chemicals. Ten to fifteen days after planting the soybeans, crabgrass began to emerge. Attempts to kill the crabgrass were unsuccessful and the average yield of soybeans from the 145 acres planted using Dual 8E was six to eight bushels per acre. Plaintiff introduced into evidence a letter from a representative of Ciba-Geigy and a sample label which was available when purchasing the Dual 8E, but was not given to plaintiff, which indicate that in the no-till cultivation of soybeans, Dual 8E should be applied in conjunction with Sencor, Lexone or Lorox and either Ortho Paraquat CL or Roundup.

At the end of his evidence, plaintiff made a motion to amend the complaint to conform to the evidence to allege that the conduct of defendants constituted unfair and deceptive trade practices in violation of G.S. 75-1.1 and that defendants had negligently failed to properly instruct plaintiff on the use of Dual 8E in the no-till cultivation of soybeans. The trial court allowed the

motion to amend to allege unfair and deceptive trade practices, but denied the motion to amend to allege negligence. Defendants made motions for directed verdicts, which the trial court allowed.

From a judgment directing a verdict as to plaintiff's claims, plaintiff appealed. Defendants gave notice of appeal from the order allowing plaintiff's motion to amend the complaint to allege unfair and deceptive trade practices.

*Thorp and Clarke, by Herbert H. Thorp, for plaintiff, appellant, cross-appellee.*

*Smith Helms Mulliss & Moore, by Alan W. Duncan, for defendant, appellee, cross-appellant, Ciba-Geigy Corporation.*

*Willcox & McFadyen, by Duncan B. McFadyen, III, for defendant, appellee, cross-appellant, Farm Chemical Corporation.*

HEDRICK, Chief Judge.

[1] Plaintiff first assigns error to the trial court's denial of his pretrial motion to amend his complaint to allege negligence, made over a year and a half after the original complaint was filed. G.S. 1A-1, Rule 15(a) gives the trial court broad discretion in determining whether leave to amend will be granted after the time for amending as a matter of course has expired. *Willow Mountain Corp. v. Parker*, 37 N.C. App. 718, 247 S.E. 2d 11, *disc. rev. denied*, 295 N.C. 738, 248 S.E. 2d 867 (1978). The denial of such a motion is not reviewable absent a clear showing of abuse of discretion. *Garage v. Holston*, 40 N.C. App. 400, 253 S.E. 2d 7 (1979). We find no such abuse of discretion and this assignment of error is overruled.

[2] Plaintiff also assigns error to the trial court's denial of his motion pursuant to G.S. 1A-1, Rule 15(b) to amend to allege negligence, made at the close of plaintiff's evidence. Plaintiff contends that the issue of negligence was tried by implied consent and, therefore, that the trial court erred in denying his motion to amend to conform to the evidence. We disagree.

G.S. 1A-1, Rule 15(b) provides, in pertinent part, as follows: "When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." In *Eudy v.*

*Eudy*, 288 N.C. 71, 77, 215 S.E. 2d 782, 786-87 (1975), our Supreme Court discussed the application of G.S. 1A-1, Rule 15(b) as follows:

> [T]he implication of Rule 15(b) . . . is that a trial court may not base its decision upon an issue that was tried inadvertently. Implied consent to the trial of an unpleaded issue is not established merely because evidence relevant to that issue was introduced without objection. At least it must appear that the parties understood the evidence to be aimed at the unpleaded issue.

(Citations omitted.) Where the evidence which supports an unpleaded issue also tends to support an issue properly raised by the pleadings, no objection to such evidence is necessary and the failure to object does not amount to implied consent to try the unpleaded issue. *Munchak Corp. v. Caldwell*, 37 N.C. App. 240, 246 S.E. 2d 13, *disc. rev. denied*, 295 N.C. 647, 248 S.E. 2d 252 (1978). The trial court's ruling on a motion to amend pursuant to G.S. 1A-1, Rule 15(b) is not reviewable on appeal absent a showing of abuse of discretion. *Evans v. Craddock*, 61 N.C. App. 438, 300 S.E. 2d 908 (1983).

In the present case, the evidence cited by plaintiff in support of the issue of negligence also supports the allegations of breach of warranty, which were raised by the pleadings. Defendants' failure to object to such evidence, therefore, did not amount to implied consent to try the issue of negligence. The trial court did not abuse its discretion in denying plaintiff's second motion to amend to allege negligence.

[3]   Plaintiff assigns as error the trial court's granting of defendants' motions for directed verdict. Plaintiff first argues in support of this assignment of error that the evidence is sufficient for the jury to find that Ciba-Geigy breached an express warranty on the Dual 8E label that the product was reasonably fit for the purposes referred to in the directions for use. This argument is without merit. The label attached to the Dual 8E delivered to plaintiff contained the following express warranty: "CIBA-GEIGY warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes referred to in the Directions for Use." Under the "Directions for Use" the label instructs, "In soybeans, it [Dual 8E] may be applied alone or in combination with Sencor, Lexone, or Lorox in water or fluid fer-

Tyson v. Ciba-Geigy Corp.

tilizer with conventional ground sprayers." The label also contains tables describing the necessary amount of Dual 8E per acre when using Dual 8E alone or in conjunction with Sencor, Lexone or Lorox. The label does not contain directions for mixing Dual 8E with Paraquat and a surfactant. Vance Tyson testified that he mixed the Dual 8E with Paraquat and a surfactant and that he did not mix the Dual 8E in accordance with the directions for use on the label. The record contains no evidence tending to show that the Dual 8E was not fit for the purposes referred to in the directions for use, and thus there is no evidence that this express warranty was breached by Ciba-Geigy.

[4] Plaintiff also contends that Ciba-Geigy breached the implied warranty of merchantability and this warranty was ineffectively disclaimed on the Dual 8E label. This contention is also without merit.

G.S. 25-2-316(2) provides, in pertinent part, as follows: "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." G.S. 25-1-201(10) provides that whether a term or clause is "conspicuous" is for decision by the court and that language in the body of a form is "conspicuous" if it is in larger or contrasting type or color.

The label on the Dual 8E in the present case contains the following language: "CIBA-GEIGY makes no other express or implied warranty of Fitness or Merchantability or any other express or implied warranty." This language is in darker and larger type than the other language on the label and is therefore "conspicuous," as defined by G.S. 25-1-201(10). We hold, therefore, that Ciba-Geigy effectively disclaimed any implied warranties of merchantability or fitness.

[5] Plaintiff argues that he presented sufficient evidence for the jury to find that Farm Chemical breached express warranties relating to the effectiveness of Dual 8E to kill crabgrass in the no-till cultivation of soybeans. Plaintiff contends that the statements of the sales representative of Farm Chemical that the Dual 8E, when mixed with Paraquat and a surfactant, would "do a good job" created an express warranty.

G.S. 25-2-313(1)(a) provides that "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." A salesman's expression of his opinion in "the puffing of his wares" does not create an express warranty. *Motors, Inc. v. Allen*, 280 N.C. 385, 186 S.E. 2d 161 (1972). Thus, statements such as "supposed to last a lifetime" and "in perfect condition" do not create an express warranty. *Id.* Similarly, the statement made by the salesman in the present case that the Dual 8E would "do a good job" is a mere expression of opinion and did not create an express warranty.

[6]  Finally, plaintiff contends that the trial court erred in granting defendant Farm Chemical's motion for directed verdict on the issue of breach of implied warranty. We agree with this contention. G.S. 25-2-315 defines implied warranty of fitness for particular purpose as follows:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section [Sec. 25-2-316] an implied warranty that the goods shall be fit for such purpose.

The evidence in the present case, when considered in the light most favorable to plaintiff, tends to show that plaintiff contacted defendant Farm Chemical to order the herbicides Lasso and Lorox, for the no-till cultivation of soybeans. He spoke with Mr. Gregory, an employee of Farm Chemical, on the telephone and told him that he was planning the no-till cultivation of soybeans on 145 acres of his land and described the type of soil on the land. Mr. Gregory gave Dual 8E a good recommendation and told plaintiff that it would "do a good job," would be less expensive to use than the chemicals he had used the previous year and would also be less risky to use on plaintiff's type of land. He further told plaintiff that Dual 8E could be mixed with Paraquat and a surfactant to replace Lasso and Lorox. He also told plaintiff the amount of Dual 8E per acre that he should use. Plaintiff testified that based upon Mr. Gregory's recommendation and his past business dealings with Farm Chemical, he decided to use Dual 8E and

ordered thirty-five gallons from Farm Chemical. Vance Tyson tes-
tified that he mixed the chemicals in accordance with Mr. Greg-
ory's instructions, but that the Dual 8E was ineffective in killing
crabgrass. Plaintiff also introduced evidence tending to show that
Dual 8E must be mixed with Sencor, Lexone or Lorox and either
Ortho Paraquat CL or Roundup. This evidence is sufficient to sup-
port a finding that the seller, Farm Chemical, had reason to know
of the particular purpose, the no-till cultivation of soybeans, for
which the product was required and that plaintiff was relying on
its recommendation when he ordered the Dual 8E. There is no
evidence in the record indicating that defendant Farm Chemical
disclaimed any warranties relating to the Dual 8E. Thus, the
evidence in the record is sufficient for a jury to find that Farm
Chemical made an implied warranty relating to the fitness of the
Dual 8E for plaintiff's purpose and that this warranty was
breached. We hold, therefore, that the trial court erred in direct-
ing a verdict for defendant Farm Chemical on the issue of breach
of an implied warranty of fitness for particular purpose.

By their cross-appeal, defendants contend that the trial court
erred in allowing plaintiff's motion to amend his complaint made
at the end of plaintiff's evidence to allege that defendants' acts
constituted unfair and deceptive trade practices in violation of
G.S. 75-1.1. After the trial court allowed plaintiff's motion to
amend, it allowed defendants' motions for directed verdict on all
issues. In plaintiff's appeal, he has not contended that the trial
court erred in granting defendants' motions for directed verdict
on the issue of unfair and deceptive trade practices. Therefore, it
is unnecessary for us to address defendants' assignment of error
on cross-appeal.

For the foregoing reasons, directed verdict for defendant
Ciba-Geigy Corporation is affirmed. Directed verdict for defend-
ant Farm Chemical is reversed and remanded for a new trial with
respect to plaintiff's claim for breach of an implied warranty of
fitness for particular purpose as to defendant Farm Chemical and
any and all damages resulting therefrom.

Affirmed in part, reversed in part.

Judges WEBB and WELLS concur.