THOMAS S. PARKER, Executor of the Estate of INA DESKINS HAWKINS, Deceased v. AMARYLLIS HAWKINS LIPPARD, PERCY G. DESKINS, JACK DESKINS AND WIFE, PHYLLIS DESKINS, RUSSELL DESKINS (WIDOWER), WILLIAM RIPPY, JAMES W. JOHNSTON, LOIS THOMAS, PHILLIP RAY THOMAS, NANCY POWELL, HAROLD A. DESKINS, AND WIFE, MRS. HAROLD A. DESKINS, ROY RAY DESKINS AND WIFE, MRS. ROY RAY DESKINS, J. HOWARD SILVER, HELEN HINTON, PAULINE GARRETT, CHARLES E. (EDDIE) DESKINS, (DIVORCED), FRANCES LORETTA DESKINS SHORR AND HUSBAND, ROBERT SHORR, JEAN REEVES, AND HUSBAND, ERNEST REEVES

No. 8615SC1255

(Filed 1 September 1987)

1. Attorneys at Law § 7.5; Executors and Administrators § 37— estate sale—defaulting bidder—attorney fees as costs

The trial court erroneously awarded attorney fees as costs of resale against a defaulting bidder at an estate sale because "costs of resale" under N.C.G.S. § 1-339.30(e) does not expressly include attorney fees; legal fees allowed pursuant to the "common fund" exception or for services rendered in aid of the court's jurisdiction over an insolvent are not paid by the adversary party; there were neither findings nor allegations that there was a complete absence of a justifiable issue of law or fact raised by defendant; and the record reveals nothing indicating that these proceedings require the construction of any will or arose out of petition proceedings. N.C.G.S. § 6-21.

2. Judgments § 55— estate sale—defaulting bidder—costs of resale—prejudgment interest

The executor of an estate was entitled to prejudgment interest from a defaulting bidder where the clerk's order confirming the judicial sale constituted a legally binding acceptance of defendant's bid and therefore created a specific contract to purchase; defendant's refusal to comply with the executor's tender of deed and demand for payment constituted a breach of contract; and the executor's damages on that date were ascertainable. Furthermore, the executor was entitled to prejudgment interest on the bid deposit as his compensation for the court's detention of the deposit pending further litigation. N.C.G.S. § 24-5.

APPEAL by Irving Fineberg, a defaulting bidder, from Order entered by *McConnell, Judge.* Order entered 18 September 1985 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 9 April 1987.

Petitioner Thomas S. Parker (hereinafter, the "Executor") conducted a judicial sale of an estate's real and personal property in April 1984 pursuant to N.C.G.S. Sec. 1-339.30 (1986). Irving Fineberg (hereinafter, the "defendant") bid $125,000 at the sale,

which bid was confirmed by the Clerk of Court on 7 May 1984. Although the Executor tendered deed to the property and demanded payment, defendant failed to comply with his bid based on allegations the Executor misrepresented the property's compliance with local flood control ordinances and zoning regulations. On 13 August 1984, Judge Hobgood determined by consent of the parties the defendant's default and the extent of defendant's liability under Section 1-339.30(e). After Judge Hobgood remanded the case to the Clerk, the property was finally sold after seven resale proceedings and payment received on 28 June 1985.

Pursuant to Judge Hobgood's default order, the Clerk assessed defendant certain "costs of resale" and included therein all legal fees incurred by the Executor after defendant's default; however, the Clerk denied the Executor's request for any prejudgment interest after defendant's default. After appeal of the Clerk's order to the Superior Court, Judge McConnell affirmed the Clerk's order in all relevant respects. Defendant appeals from that part of Judge McConnell's order assessing defendant with legal fees incurred by the Executor after defendant's default. The Executor appeals from that part of Judge McConnell's order denying the Executor recovery of prejudgment interest.

*Faison, Brown, Fletcher & Brough, by William D. Bernard and M. LeAnn Nease, for appellant and cross-appellee Irving Fineberg.*

*Ridge & Associates, by Paul H. Ridge and Daniel Snipes Johnson, for appellee and cross-appellant Thomas S. Parker, Executor.*

GREENE, Judge.

The issues presented are: 1) whether legal fees incurred as a result of resales under Section 1-339.30(e) or litigation incident thereto are recoverable: (A) as "all costs of resale" under Section 1-339.30(e) or (B) pursuant to certain other statutory or judicial authority; and 2) whether Judge McConnell's order entitled the Executor to prejudgment interest under N.C.G.S. Sec. 24-5 (1969).

I

Since the Legislature's 1879 repeal of certain statues authorizing the award of legal fees as costs, a trial court in this

State may only award legal fees: 1) pursuant to express statutory or contractual authority; 2) pursuant to its exercise of equitable or supervisory powers in limited instances; or 3) to a litigant suing at his own expense to preserve or increase a common fund or common property. *Bowman v. Comfort Chair Co., Inc.*, 271 N.C. 702, 704, 157 S.E. 2d 378, 379 (1968); *Perkins v. American Mut. Fire Ins. Co.*, 4 N.C. App. 466, 468, 167 S.E. 2d 93, 95 (1969); *see also Daniels v. Montgomery Mut. Ins. Co.*, 81 N.C. App. 600, 603-05, 344 S.E. 2d 847, 850, *disc. rev. allowed*, 318 N.C. 414, 349 S.E. 2d 592 (1986) (court may award legal fees as punitive sanction under N.C.G.S. Sec. 1A-1, Rule 41(b) (1983) based on inherent power to supervise its proceedings).

## A

[1]  The Clerk confirmed defendant's bid on 7 May 1984. Judge McConnell awarded the Executor, among other things, "all costs of resale or resales since May 7, 1984" pursuant to Section 1-339.30(e) which provides that:

> A defaulting bidder at any sale or resale is liable on his bid and in case a resale is had because of such default, he shall remain liable to the extent that the final sale price is less than his bid *plus all costs of such resale or resales*. [Emphasis added.]

The court's order then defined such "costs of resale" to include all attorney's fees incurred by the Executor in both litigating defendant's default and conducting the resales ordered by the Clerk.

While no party cites any authority specifically construing "costs of resale" under Section 1-339.30(e), the statute clearly states a well-established measure of recovery against a defaulting bidder after a judicial sale: the "court will enforce [the defaulting bidder's] liability by ordering the property resold . . . and charging him with the deficiency between the amount obtained at the resale and the amount of his original bid, *and with the expense of the sale.*" *Gilliam v. Sanders*, 198 N.C. 635, 638, 152 S.E. 888, 890 (1930) (emphasis added); *see also Wood v. Fauth*, 225 N.C. 398, 399, 35 S.E. 2d 178, 179 (1945) (resale proceedings after bidder's default compared to mortgage foreclosure).

Given the statute's apparent purpose to assess a defaulting bidder with resale "expenses" under *Gilliam*, defendant's liability

for "costs of resale" under Section 1-339.30(e) did not entitle the court to award the Executor attorney's fees incurred after defendant's default. Under the familiar rule stated in *Bowman*, the statute must "expressly" authorize the court to award attorney's fees: "costs of resale" certainly do not "expressly" include attorney's fees. *Cf.* N.C.G.S. Sec. 6-21 (1986) (statute specifically defines "costs" to include attorney's fees in various contexts). Accordingly, we find the court erroneously awarded such fees as "costs of resale" under Section 1-339.30(e).

B

We likewise reject the contention there exists other relevant statutory or judicial authority for Judge McConnell's assessing defendant with the Executor's legal fees. Where the court allows legal fees pursuant to the "common fund" exception or for services rendered in aid of the court's jurisdiction over an insolvent, the fees are paid out of the fund recovered or by the insolvent or insolvent's estate—not by an adversary party. *See generally Horner v. Chamber of Commerce of City of Burlington, Inc.*, 236 N.C. 96, 72 S.E. 2d 21 (1952) (awarding plaintiff taxpayer attorney's fees out of public monies recovered and discussing numerous other examples); *see also State ex rel. Ingram v. All American Assurance Co.*, 34 N.C. App. 517, 525, 239 S.E. 2d 474, 479 (1977) (trial court could order insurance company undergoing court-supervised statutory rehabilitation to pay attorney's fees incurred in aid of court's supervision).

In addition, the record reveals neither findings nor allegations there was "a complete absence of a justifiable issue of either law or fact" raised by defendant in litigating his liability. *Cf.* N.C.G.S. Sec. 6-21.5 (1986) (court must make findings of fact and conclusions of law to support attorney's fee award under that section). Furthermore, the record reveals nothing indicating these proceedings required "the construction of any will" or arose out of partition proceedings such that legal fees might be awarded as costs under Section 6-21. *Cf.* Sec. 6-21(2) (legal fees allowable in proceeding requiring construction of will or trust); Sec. 6-21(7) (legal fees allowable if incurred in sale of property under partition statute). Thus, we conclude there was no express statutory or judicial authority for the court's order that defendant pay legal fees incurred by the Executor after defendant's default.

## II

[2]　In determining whther the Executor was entitled as a matter of law to prejudgment interest, we note the 4 May 1984 Clerk's order confirming the judicial sale constituted a legally binding acceptance of defendant's $125,000 bid and therefore created a specific "contract of purchase." *See Gilliam*, 198 N.C. at 638, 152 S.E. 2d at 890 (once bid accepted, bidder can be compelled to perform "contract of purchase"). This contract of purchase is secured on behalf of the estate by the "equitable lien held . . . by the court as vendor of the property . . . ." *Id.* Therefore, we reject at the outset defendant's contention that Judge McConnnell's order merely enforced a *statutory* lien for which prejudgment interest is not permitted. *Cf. Dail Plumbing, Inc. v. Roger Baker & Assoc.*, 78 N.C. App. 664, 667, 338 S.E. 2d 135, 137, *disc. rev. denied*, 316 N.C. 731, 345 S.E. 2d 398 (1986) (where claimant-laborer was stranger to contract breached, prejudgment interest denied since only action was to enforce statutory lien under N.C.G.S. Sec. 44-7 *et seq.*). Unlike *Dail*, the instant case involves a breach of contract between the parties and the enforcement of an equitable lien under *Gilliam* rather than a statutory lien as in *Dail.*

When Judge McConnell signed his order on 13 August 1985, N.C.G.S. Sec. 24-5 (1965) provided in relevant part:

> All sums of money due by contract of any kind . . . shall bear interest, and when the jury shall render a verdict therefor they shall distinguish the principal from the sum allowed as interest . . . .

*Cf. Dailey v. Integon General Ins. Corp.*, 75 N.C. App. 387, 403-04, 331 S.E. 2d 148, 159, *disc. rev. denied*, 314 N.C. 664, 336 S.E. 2d 399 (1985) (statute requires interest issue be decided by jury only in rare instance where evidence of both principal and interest submitted to it). Concerning when interest commences on a judgment for breach of contract, our Supreme Court stated in *Rose v. Vulcan Materials Co.*, 282 N.C. 643, 671, 194 S.E. 2d 521, 540 (1973):

> 'The later cases following the enactment of G.S. 24-5 seem to have established this rule: when the amount of damages in a breach of contract action is ascertained from the contract itself, or from relevant evidence, or from both, interest should be allowed from the date of the breach.'

(quoting *General Metals, Inc. v. Truitt Manuf. Co.*, 259 N.C. 709, 713, 131 S.E. 2d 360, 363 (1963)) (citations omitted).

We have already noted the contract of purchase created on 4 May 1984. The record also reveals the Executor tendered deed to the auctioned property and demanded payment on 30 May 1984. Defendant's refusal to comply with that demand constituted a breach of defendant's contract to purchase the estate property. Since the Executor's damages on that date were ascertainable based on defendant's confirmed bid of $125,000, defendant "could have 'tendered the correct amount and stopped [both] the running of interest'" and the Executor's resale expenditures. *Harris and Harris Constr. Co., Inc. v. Crain and Denbow, Inc.*, 256 N.C. 110, 127, 123 S.E. 2d 590, 602-03 (1962) (interest on ascertainable damages runs from date of demand) (quoting *Miller v. Barnwell Bros., Inc.*, 137 F. 2d 257, 263 (4th Cir. 1943)). Thus, as the Executor's claim was ascertainable on 30 May 1984, the accrual of interest on that claim commenced on that date.

Under Section 1-339.30(d), it is true the court or clerk could order resales whose proceeds might mitigate the Executor's $125,000 claim against defendant; however, such proceedings would not render the Executor's claim incapable of ascertainment since computation of any deficiency after resale is a "simple matter of arithmetic and a purely ministerial duty." *See Walton v. Cagle*, 269 N.C. 177, 183, 152 S.E. 2d 312, 317 (1967) (characterizing determination of defaulting bidder's liability for deficiency and resale costs under Section 1-339.30); *cf. Rose*, 282 N.C. at 671, 194 S.E. 2d at 540 (damages ascertainable so long as subsequent matters are "pure and simply a matter of mathematical calculation").

Thus, under Section 24-5, we must reverse Judge McConnell's order insofar as it denied the Executor prejudgment interest on the deficiency and resale expenses properly computed under Section 1-339.30(e). *See Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 431, 349 S.E. 2d 552, 558 (1986) (where damages ascertainable from contract itself, prevailing party entitled to prejudgment interest as matter of law). As the contract of purchase evidenced by the Clerk's confirmation order does not provide an interest rate, prejudgment interest accruing after 30 May 1984 shall be computed at the legal rate of eight percent under

N.C.G.S. Sec. 24-1 (1986). *See Interstate Equip. Co. v. Smith*, 292 N.C. 592, 602, 234 S.E. 2d 599, 604 (1977).

We reject defendant's argument that no interest should accrue on the $6,250 bid deposit he paid to the Clerk for the original judicial sale. Defendant stipulated at his default hearing that he refused the Executor's tender and demand on 30 May 1984 and requested his deposit be refunded. Pursuant to his determination of defendant's default, Judge Hobgood therefore stated the Executor would hold the deposit "pending *further* order of the Clerk . . . and *subject* to being applied to costs of resale or any damages . . ." (emphasis added). On 18 September 1985, Judge McConnell finally determined the deposit was property of the estate and credited it to defendant's outstanding balance. Therefore, the Executor could not use defendant's deposit as a credit until the entry of Judge McConnell's order. "Interest is the compensation allowed by law, or fixed by the parties, for the use, or forbearance, or detention of money." *Ripple v. Mortgage and Acceptance Corp.*, 193 N.C. 422, 424, 137 S.E. 156 (1927). Accordingly, we conclude the Executor was entitled under Section 24-5 to prejudgment interest on, among other things, defendant's bid deposit as compensation for the court's "detention" of the deposit pending further litigation and resales arising from defendant's default. *Cf. Interest and Usury*, 45 Am. Jur. 2d Sec. 59 (1969) (improper to award interest on judgment where prevailing party not deprived of use of money during period interest accrued).

As we hold the Executor entitled to prejudgment interest under Section 24-5, we need not address the Executor's additional contention the "costs of resale" under Section 1-339.30(e) include prejudgment interest.

### III

We reverse the trial court's award of attorney's fees to the Executor. We also reverse the trial court's denial of prejudgment interest to the Executor and remand the case for determination of such interest at the legal rate in accordance with this opinion.

Reversed and remanded.

Judges PHILLIPS and COZORT concur.