THOMAS S. PARKER, EXECUTOR OF THE ESTATE OF INA DESKINS HAWKINS, DECEASED v. AMARYLLIS HAWKINS LIPPARD, PRECY G. DESKINS, JACK DESKINS AND WIFE, PHYLLIS DESKINS, RUSSELL DESKINS (WIDOWER), WILLIAM RIPPY, JAMES W. JOHNSTON, LOIS THOMAS, PHILLIP RAY THOMAS, NANCY POWELL, HAROLD A. DESKINS AND WIFE, MRS. HAROLD A. DESKINS, ROY RAY DESKINS AND WIFE, MRS. ROY RAY DESKINS, J. HOWARD SILVER, HELEN HINTON, PAULINE GARRETT, CHARLES E. (EDDIE) DESKINS (DIVORCED), FRANCES LORETTA DESKINS SHORR AND HUSBAND, ROBERT SHORR, JEAN REEVES AND HUSBAND, ERNEST REEVES

No. 8615SC1255

(Filed 3 November 1987)

**Judgments § 55— judicial sale—defaulting bidder—prejudgment interest on amount of bid**

Where defendant defaulted on his bid at a judicial sale, a prior Court of Appeals opinion awarding prejudgment interest to plaintiff executor only on the resale expenses and "deficiency" after resale unintentionally diminished the executor's right to prejudgment interest on defendant's full $125,000 bid, and such interest accrued so long as, and to the extent that, any portion of the executor's claim to the $125,000 and allowable resale expenses remained unpaid or unmitigated.

APPEAL by Irving Fineberg, a defaulting bidder, from Order entered by *McConnell, Judge*. Order entered 18 September 1985 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 9 April 1987. Plaintiff-cross-appellant's Petition to Rehear allowed 20 October 1987 for the limited purpose of determining whether an earlier opinion erroneously deprived him of certain prejudgment interest.

*Faison, Brown, Fletcher & Brough, by William D. Bernard and M. LeAnn Nease, for appellant and cross-appellee Irving Fineberg.*

*Ridge & Associates, by Paul H. Ridge, Daniel Snipes Johnson and David K. Holley, for appellee and cross-appellant Thomas S. Parker, Executor.*

GREENE, Judge.

In an opinion filed earlier in this matter and styled *Parker v. Lippard*, 87 N.C. App. 43, 359 S.E. 2d 492 (1987), this Court addressed, *inter alia*, the issue whether the trial court erroneously

denied the plaintiff-cross-appellant (hereinafter, the "Executor") prejudgment interest under N.C.G.S. Sec. 24-5 (1969) after a series of resales arising from defendant's failure to comply with his bid at a judicial sale under N.C.G.S. Sec. 1-339.30 (1986). We found that the Executor's claim against defendant was ascertainable on 30 May 1984, the day defendant refused to comply with his $125,000 bid. Under Section 24-5, we concluded that prejudgment interest began to accrue on the Executor's claim against defendant on 30 May 1984 and reversed the court's order denying the Executor prejudgment interest.

However, we stated, "Thus, under Section 24-5, we must reverse Judge McConnell's order insofar as it denied the Executor prejudgment interest *on the deficiency and resale expenses properly computed under Section 1-339.30(e)*." 87 N.C. App. at ---, 359 S.E. 2d at 496 (citation omitted) (emphasis added). Our awarding prejudgment interest only on the resale expenses and "deficiency" after resale unintentionally diminished the Executor's right to prejudgment interest on defendant's full $125,000 bid. Such interest accrued so long as, and to the extent that, any portion of the Executor's claim to the $125,000 and allowable resale expenses remained unpaid or unmitigated. *See Parker*, 87 N.C. App. at ---, 359 S.E. 2d at 496; *see also Ripple v. Mortgage & Acceptance Corp.*, 193 N.C. 422, 424, 137 S.E. 156, 157 (1927) (interest is compensation for use, forbearance, or detention of money). Our prior opinion must accordingly be modified to correct this error.

We also note the Executor asserts in his "Petition to Rehear" that:

> Interest should be applied on the $125,000 bid amount, from the date of 30 May 1984 . . . to June 28, 1985, *the date of resale*. Following *that date*, from June 28, 1985 through September 18, 1985, the date of judgment, interest is computed on the deficiency and cost of resale. [Emphasis added.]

This assertion is not technically correct. The Clerk's Order Confirming Sale filed 3 June 1985 states the last resale of the property was actually conducted on 18 May 1985. FUMA Corporation bid $122,585 at the 18 May 1985 resale. The subsequent Clerk's Order Assessing Costs reveals that *closing* of this sale occurred on 28 June 1985. However, the prior Clerk's Order filed 3 June

1985 also required "that the $5,885 deposit made by FUMA Corporation with the court . . . be disbursed to the Executor and retained by the Executor and applied upon [sic] purchase price . . . ."; the Order then provided that the Executor tender his deed "upon receipt of the balance of [sic] purchase price . . . ." Thus, it appears the $5,885 deposit was credited against the Executor's claim *prior to* the 28 June 1985 closing; however, the actual dates these monies were so credited must be determined on remand.

It is nevertheless clear from the record that prejudgment interest actually accrued on the full $125,000 only from 30 May 1984 until the Clerk's disbursement of the $5,885 deposit to the Executor pursuant to the Clerk's Order Confirming Sale filed 3 June 1985. Thereafter, prejudgment interest accrued on the entire $119,115 balance ($125,000 minus $5,885) only until the Executor received the balance of FUMA Corporation's purchase price. While this date must be determined on remand, it appears this occurred at the closing on 28 June 1985. Prejudgment interest thereafter accrued on the remaining $2,415 "deficiency" (the defendant's $125,000 bid minus the $122,585 received from FUMA Corporation) until the court's final judgment on 18 September 1985. The sum of these computations represents the Executor's allowable prejudgment interest as to the $125,000 bid. As to the allowable resale expenses, prejudgment interest accrued on those expenditures from the time they were incurred until the date of final judgment.

Therefore, we affirm our prior decision in every respect save the sentence quoted above. That sentence is now superseded by our above discussion of computing prejudgment interest. As so modified, we affirm our prior decision and remand the case for computation of prejudgment interest in accordance with our opinion as modified and affirmed.

Modified and affirmed.

Judges PHILLIPS and COZORT concur.