J. M. WESTALL & COMPANY, INC., A NORTH CAROLINA CORPORATION v. WINDSWEPT VIEW OF ASHEVILLE, INC. AND DOUGLAS BEBBER

No. 8928SC340

(Filed 16 January 1990)

1. **Unfair Competition § 1 (NCI3d) — delivery of building materials to third person — commerce affected — unfair trade practices claim appropriate**

In determining whether an unfair trade practices claim exists the proper inquiry is not whether a contractual relationship existed between the parties, but rather whether the defendants' allegedly deceptive acts affected commerce. In this case defendants' alleged misrepresentations to plaintiff related to the delivery of building materials to a third party contractor, and as such the misrepresentations affected commerce; therefore, summary judgment for defendants was inappropriate, and the unfair trade practices claim must be remanded for a factual determination of whether the misrepresentations were in fact made and, if made, whether they caused plaintiff to continue to supply building materials to the contractor. N.C.G.S. § 75-1.1(a).

Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices § 696.

J. M. WESTALL & CO. v. WINDSWEPT VIEW OF ASHEVILLE

[97 N.C. App. 71 (1990)]

**2. Fraud § 9 (NCI3d)— negligent misrepresentation—failure to plead or offer evidence**

The trial court properly refused to instruct the jury on a negligent misrepresentation issue where the complaint contained no allegation of negligent misrepresentation, express or implied, and the parties did not litigate a negligent misrepresentation issue by consent based on the evidence admitted to prove fraudulent misrepresentation which could also tend to prove some elements of negligent misrepresentation.

**Am Jur 2d, Fraud and Deceit §§ 434, 475.**

APPEAL by plaintiff from judgment entered 2 November 1988 by *Judge W. Terry Sherrill* in BUNCOMBE County Superior Court. Heard in the Court of Appeals 22 September 1989.

*Westall, Gray, Kimel & Connolly, P.A., by David G. Gray, for plaintiff-appellant.*

*Patla, Straus, Robinson & Moore, P.A., by Harold K. Bennett, for defendant-appellees.*

GREENE, Judge.

The plaintiff, J. M. Westall & Company, Inc., brought an action against Windswept View of Asheville, Inc. and Douglas Bebber alleging fraudulent misrepresentation and unfair trade practices. Other defendants in this action were dismissed on their bankruptcy. The trial court granted defendants' motion for summary judgment on the unfair trade practices claim, and the jury found for defendants on the fraudulent misrepresentation issue. Plaintiff appeals.

The evidence tends to show that in Autumn 1983 the defendant Windswept View of Asheville, Inc. (hereafter Developer) and its officer Douglas Bebber contracted with the bankrupt defendant J. E. Lawson & Sons, Inc. (hereafter Contractor) to construct condominiums. From Autumn 1983 to January 1986 the plaintiff provided building supplies and materials to the Contractor. The plaintiff did not have a contractual relationship with the defendant Developer for this provision.

According to plaintiff's evidence, the Contractor's continuing delinquency in paying on its account with plaintiff motivated plaintiff's president, Jack Westall, to visit Douglas Bebber at the Developer's office. Westall testified that Bebber told him that since

the job was bonded, plaintiff would be paid by bond if the Contractor failed to pay. Furthermore, Bebber asked plaintiff to continue providing the Contractor with building supplies.

The defendants' evidence tends to show that Bebber told Westall that he did not know whether the Contractor had a bond. Furthermore, Bebber testified that he telephoned plaintiff a week later after learning that the Contractor indeed had no bond. It is undisputed that Bebber was the Developer's officer and was acting in the scope of his authority.

The trial court instructed the jury on the fraudulent misrepresentation claim, but it refused plaintiff's request for jury instructions for negligent misrepresentation even though the plaintiff claimed to have either pled or actively litigated the issue.

---

The issues presented are: I) whether the statements allegedly made by the defendants were deceptive and affected commerce; and II) whether the plaintiff pled or actively litigated negligent misrepresentation such that the trial court should have placed the issue before the jury.

I

[1] The plaintiff first argues that the trial court erred in granting the defendants' motion for a summary judgment on the unfair trade practices claim. The defendants respond that the plaintiff had no unfair trade practice cause of action under N.C.G.S. Chapter 75 since the plaintiff and defendants "were not engaged in any way in commerce between themselves."

N.C.G.S. § 75-1.1 provides the statutory cause of action for unfair trade practices. It states in pertinent part:

(a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or *affecting commerce*, are declared unlawful.

(b) For purposes of this section, "commerce" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.

N.C.G.S. § 75-1.1(a), (b) (1988) (emphasis added).

The defendants apparently do not dispute that the alleged misrepresentations, if they occurred within commerce as defined by N.C.G.S. § 75-1.1, would have been an unfair or deceptive act or practice. Indeed, if a jury were to determine defendants deceived plaintiff into believing the Contractor was bonded, this would be a deceptive act or practice as defined by N.C.G.S. § 75-1.1. *See Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 265, 266 S.E.2d 610, 622 (1980) (an act or practice having the tendency or capacity to deceive is deceptive). Deceptiveness is determined as a matter of law. *La Notte, Inc. v. New Way Gourmet, Inc.*, 83 N.C. App. 480, 485, 350 S.E.2d 889, 892 (1986), *cert. denied, appeal dismissed*, 319 N.C. 459, 354 S.E.2d 888 (1987).

The defendants argue however that the plaintiff's cause of action fails since the plaintiff and defendants were not engaged in a commercial relationship. In the most common unfair trade practices case appearing before the courts of North Carolina, the parties have been engaged in commerce between themselves, often in a buyer-seller relationship. *See, e.g., Holley v. Coggin Pontiac, Inc.*, 43 N.C. App. 229, 259 S.E.2d 1, *cert. denied*, 298 N.C. 806, 261 S.E.2d 919 (1979). Our courts have also recognized causes of action arising outside the context of a contractual relationship between the plaintiff and defendant. In *Winston Realty Co., Inc. v. G.H.G., Inc.*, 70 N.C. App. 374, 320 S.E.2d 286 (1984), *aff'd*, 314 N.C. 90, 331 S.E.2d 677 (1985), the defendant employment service suggested at plaintiff's request, a potential employee to suit plaintiff's needs. When this employee proved considerably less than ideal, the plaintiff sued the employment agency alleging, among other things, that defendant engaged in an unfair act or practice in recommending the unfortunate candidate. The defendant there argued that Chapter 75 applies "only to buyer-seller relationships and competition between business competitors." 70 N.C. App. at 381, 320 S.E.2d at 290. This court noted that the parties were not in competition, and that the defendant, having been paid by the employee, had sold nothing to the plaintiff. The court, in rejecting defendant's arguments, found that "[i]n recommending employees to plaintiff and other employers defendant certainly was engaged in business and his activities obviously affected commerce." 70 N.C. App. at 381, 320 S.E.2d at 291.

Furthermore, the North Carolina Supreme Court has recently emphasized that N.C.G.S. § 75-1.1 actions are not limited to "fraudulent advertising and buyer-seller relationships." *United*

*Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 665, 370 S.E.2d 375, 389 (1988). North Carolina courts have also recognized causes of action under N.C.G.S. § 75-1.1 for unfair methods of competition where the plaintiff had no direct transactional relationship with the defendant. *See Harrington Mfg. Co., Inc. v. Powell Mfg. Co., Inc.*, 38 N.C. App. 393, 248 S.E.2d 739 (1978), *cert. denied*, 296 N.C. 411, 251 S.E.2d 469 (1979); *Ellis v. Smith-Broadhurst, Inc.*, 48 N.C. App. 180, 268 S.E.2d 271 (1980).

Accordingly, the proper inquiry is not whether a contractual relationship existed between the parties, but rather whether the defendants' allegedly deceptive acts *affected* commerce. A contractual relationship is not required in order to affect commerce. *See Chestnut Hill Development Corp. v. Otis Elevator Co.*, 653 F. Supp. 927 (D. Mass. 1987) (privity of contract not required for owner-developer to maintain action against subcontractor under Massachusett's Unfair and Deceptive Trade Practice Law); *cf. Nei v. Boston Survey Consultants, Inc.*, 446 N.E.2d 681 (Mass. 1983) (although privity not required, defendant's acts had too little effect on transaction to allow unfair trade practice action).

" 'Commerce' in its broadest sense comprehends intercourse for the purpose of trade in any form." *Johnson*, 300 N.C. at 261, 266 S.E.2d at 620 (the Court here interpreted an earlier, more restrictive phrasing of the statute which limited commerce to a trade or exchange between the parties). The determination of whether an act or practice is in or affects commerce is one of law. *See La Notte, Inc.*, 83 N.C. App. at 485, 350 S.E.2d at 892. In this case, the defendants' alleged misrepresentations to the plaintiff related to the delivery of building materials to a third party, and as such the misrepresentations at least affect commerce while arguably they are also "in commerce." Therefore, since the defendants were not entitled to judgment as a matter of law, summary judgment was inappropriate. The unfair trade practices claim must be remanded for a factual determination of (1) whether the misrepresentations were in fact made and (2) if made, whether they caused the plaintiff to continue to supply building materials to the contractor. *See Ellis*, 48 N.C. App. at 184, 268 S.E.2d at 274 (jury decides whether allegedly deceptive act proximately caused injury to the plaintiff).

## II

[2]   The plaintiff next argues that the trial court erred in failing to instruct the jury as to negligent misrepresentation. Upon examination of the complaint we find no allegation of negligent misrepresentation, express or implied. Where, as here, a claim is not pled, the trial court may not place it before the jury, *see, e.g., Rural Plumbing & Heating, Inc. v. H. C. Jones Const. Co., Inc.,* 268 N.C. 23, 149 S.E.2d 625 (1966), unless "no objection is made to evidence on the ground that it is outside the issues raised by the pleadings, [then] the issue raised by the evidence" may be placed before the jury. *Mangum v. Surles,* 281 N.C. 91, 98, 187 S.E.2d 697, 701-02 (1972). Here the evidence placed before the jury was "inside" the issue (fraudulent misrepresentation) raised by the pleadings. We cannot say the parties litigated a negligent misrepresentation issue by consent based on the evidence admitted to prove fraudulent misrepresentation which may also tend to prove some elements of negligent misrepresentation. To give rise to the *Mangum* exception to the pleading requirement, the evidence admitted without objection must be clearly irrelevant to any causes of action properly pled. Otherwise a defendant would not be on notice that he was litigating an issue other than those pled. *See Munchak Corp. v. Caldwell,* 37 N.C. App. 240, 244, 246 S.E.2d 13, 15, *cert. denied,* 295 N.C. 647, 248 S.E.2d 252 (1978) (case involving amendments to conform to the evidence under N.C.G.S. § 1A-1, Rule 15(b) ); *see also W & H Graphics, Inc. v. Hamby,* 48 N.C. App. 82, 268 S.E.2d 567 (1980). Thus, the trial court properly refused to instruct the jury on a negligent misrepresentation issue.

We vacate the trial court's grant of summary judgment to the defendants on the unfair trade practices issue, and we remand for trial on that issue.

Affirmed in part, vacated in part, and remanded.

Judges EAGLES and PARKER concur.