MEMBERS INTERIOR CONSTRUCTION, INC., Plaintiff-Appellant v. LEADER CONSTRUCTION COMPANY, INCORPORATED, HARTFORD FIRE INSURANCE COMPANY, Defendant-Appellee/Cross-Appellant

No. COA95-1279

(Filed 15 October 1996)

1. **Pleadings §§ 405, 390 (NCI4th)— amendment of complaint at close of plaintiff's evidence—pre-trial motion not heard—evidence also supported alleged facts**

   The trial court did not err by denying plaintiff's motion to amend its complaint at the close of its case-in-chief under N.C.G.S. § 1A-1, Rule 15 (1990) in an action arising from a disputed construction debt where plaintiff failed to cause its pre-trial motion to amend to be heard, so that defendant Hartford could have justifiably concluded that plaintiff had abandoned this issue. Furthermore, the allegedly extraneous evidence introduced by plaintiff also supports operational facts alleged in the complaint, so that it cannot be said that defendant Hartford understood that the alleged extraneous evidence was aimed at establishing a violation of N.C.G.S. § 58-63-15(11) rather than proving an issue actually raised by the pleadings.

   **Am Jur 2d, Pleading §§ 315, 322.**

2. **Judgments § 654 (NCI4th)— prejudgment interest—offer of undisputed portion of claim**

   The trial court erred in its calculation of prejudgment interest against an insurance company on a construction claim where the trial court decreased the amount of principal being taxed with interest to account for unconditional payment offers by defendant Hartford where Hartford had offered to pay undisputed portions of the alleged debt without prejudice to plaintiff's rights to further prosecute its claim against defendant. An aggrieved party may, without prejudice to its right to recover prejudgment interest, decline unconditional payment offers. The trial court's award was reversed and remanded with instructions to award interest on the verdict from the date of the breach of contract.

   **Am Jur 2d, Interest and Usury § 59; Judgments § 257.**

   Judge GREENE concurring.

**MEMBERS INTERIOR CONSTRUCTION v. LEADER CONSTRUCTION CO.**

[124 N.C. App. 121 (1996)]

Appeal by plaintiff and defendant from judgment entered 31 May 1995 by Judge Julius A. Rousseau, Jr., in Iredell County Superior Court. Heard in the Court of Appeals 27 August 1996.

*Eisele & Ashburn, P.A., by Douglas G. Eisele, for plaintiff-appellant.*

*Ogletree, Deakins, Nash, Smoak and Stewart, L.L.P., by C. Hamilton Jarrett and Robin Adams Anderson, for defendant-appellee/cross-appellant.*

MARTIN, Mark D., Judge.

On 10 March 1992 the Iredell-Statesville Board of Education (Board) executed a contract with Leader Construction (Leader) for the construction of East Iredell Middle School (project). On the same day Leader and Hartford Fire Insurance (Hartford) executed a labor and material payment bond (bond). On 2 June 1992 Leader subcontracted out a portion of the project to Members Interior Construction (Members). The original subcontract price was $225,000. Leader subsequently issued three change orders which increased the subcontract price to $271,075.

On 12 October 1993 Members filed a proof of claim with Hartford alleging Leader was $68,350 in arrears to Members. By letter dated 29 October 1993, Hartford contacted Leader regarding Members' claim. The 29 October letter stated, in pertinent part:

Hartford calls upon Leader . . . to pay any undisputed amount to Members . . . within 5 (five) days of the date of this letter. Should Leader contend that the entire amount claimed or any portion of it is disputed, Leader should provide sufficient documentation of the amount disputed by Leader to The Hartford within 5 (five) calendar days.

Leader's failure to pay any undisputed amount within five calendar days and/or Leader's failure to provide sufficient documentation to The Hartford of the amount disputed by Leader . . . shall constitute an acknowledgement [by] Leader that the amount claimed is valid . . . and authorization by Leader to The Hartford to pay the amount claimed.

On 1 December 1993 Members admitted overstating its arrearages by $1000 leaving an actual claim of $67,350. On the same day Hartford notified Members that only $16,845.75 of the claimed $67,350 was

presently owed because certain work had not yet been accepted by the architect, the original contract was not entirely completed, and certain areas were improperly constructed. The 1 December letter also noted that further funds would be released after Hartford received "written certification from the architect that the three change orders are complete and acceptable and the additional work on the original contract is complete."

On 1 December 1993 Members instituted the present action alleging Leader's nonpayment breached the subcontract and Hartford was liable for Leader's debt under the bond. On 26 August 1994 Hartford offered Members $49,817.50 as payment of the undisputed portion of Leader's debt "without prejudice to Members' rights to further prosecute its claim against Hartford." On 11 May 1995 Hartford made an offer of judgment, pursuant to N.C.R. Civ. P. 68, for $64,000 plus allowable costs. Members rejected both settlement offers. On 31 May 1995 the trial court entered a jury verdict awarding Members $59,150 plus accrued interest of $3,599.15.

Noting the total award was less than the Rule 68 offer of judgment, the trial court further ordered that the $62,749.15 award "be subject to a set off in the amount of said defendant's costs incurred after making said Offer of Judgment as may be awarded by the Court and shall be subject to an award, if any, of said defendant's attorney's fees pursuant to N.C.G.S. § 44A-35." The trial court, by order filed 26 June 1995, subsequently denied Hartford's motion for costs and attorneys fees.

PLAINTIFF'S APPEAL

On appeal Members contends the trial court erred by: (1) denying Members' motion to amend its pleadings; (2) excluding testimony on whether Hartford reasonably investigated Members' claim; (3) dismissing Members' claim of Unfair and Deceptive Trade Practices, N.C. Gen. Stat. § 75-1, *et seq.*; (4) failing to calculate interest on the full amount of the verdict from 19 October 1993; and (5) signing an erroneous judgment.

I.

[1] We first consider whether the trial court erred by denying Members' motion to amend its complaint at the close of its case-in-chief, pursuant to N.C.R. Civ. P. 15(b), to allege a violation of N.C. Gen. Stat. § 58-63-15(11) (1994).

Motions to amend are governed by the provisions of N.C.R. Civ. P. 15. N.C. Gen. Stat. § 1A-1, Rule 15 (1990). Generally, Rule 15 is to be construed liberally to allow amendments where the defense will not be materially prejudiced. *Mauney v. Morris*, 316 N.C. 67, 72, 340 S.E.2d 397, 400 (1986). Nevertheless, a motion to amend is addressed to the sound discretion of the trial court and denial of such a motion will not be disturbed on appeal absent a clear showing the trial court abused its discretion. *North River Ins. Co. v. Young*, 117 N.C. App. 663, 670, 453 S.E.2d 205, 210 (1995). Reasons justifying denial of a motion to amend include (a) undue delay, (b) undue prejudice, and (c) futility of amendment. *Martin v. Hare*, 78 N.C. App. 358, 361, 337 S.E.2d 632, 634 (1985).

When, as here, evidence is introduced without objection, a Rule 15(b) motion should be granted only if the parties understand the evidence is aimed at an issue not expressly pleaded. *See J. M. Westall & Co. v. Windswept View of Asheville*, 97 N.C. App. 71, 76, 387 S.E.2d. 67, 69-70, *disc. review denied*, 327 N.C. 139, 394 S.E.2d 175 (1990). Where the evidence which supports an unpleaded issue also tends to support an issue properly raised by the pleadings, however, failure to object does not amount to implied consent to try the unpleaded issue. *Tyson v. Ciba-Geigy Corp.*, 82 N.C. App. 626, 630, 347 S.E.2d 473, 476 (1986).

In the present case, Members moved to amend its complaint, pursuant to Rule 15(b), to state a claim for violation of section 58-63-15(11). Members argues the trial court erred by denying this motion because Hartford understood, and consented to, Members developing its section 58-63-15(11) claim. Specifically, Members contends Hartford understood Members was adducing evidence to support its section 58-63-15(11) claim because Members filed a written motion to amend its complaint alleging a violation of that section prior to trial.

Because Members failed to cause its pre-trial motion to amend to be heard, however, Hartford could have justifiably concluded Members abandoned this issue. Further, the allegedly extraneous evidence introduced by Members at trial also supports operational facts alleged in Members' complaint. It follows, therefore, that we cannot say Hartford understood the alleged extraneous evidence was aimed at establishing a violation of section 58-63-15(11) rather than proving an issue actually raised by the pleadings. Accordingly, under *J. M. Westall & Co.* and *Tyson*, we conclude the trial court did not err in denying Members' Rule 15(b) motion.

## II.

**[2]** We next consider Members' allegation the trial court erred by failing to award interest on the full amount of the verdict from 19 October 1993.

In breach of contract actions, N.C. Gen. Stat. § 24-5 authorizes the award of pre-judgment interest on damages from the date of the breach at the contract rate, or the legal rate if the parties have not agreed upon an interest rate. N.C. Gen. Stat. § 24-5 (1991). See also N.C. Gen. Stat. § 24-1 (1991) (legal rate is eight percent). " 'Interest is the compensation allowed by law, or fixed by the parties, for the use, or forbearance, or detention of money.' " *Thompson-Arthur Paving Co. v. Lincoln Battleground Assoc.*, 95 N.C. App. 270, 282, 382 S.E.2d 817, 824 (1989) (*quoting Parker v. Lippard*, 87 N.C. App. 43, 49, 359 S.E.2d 492, 496, *modified in part on reh'g*, 87 N.C. App. 487, 361 S.E.2d 395 (1987)). *See also Craftique, Inc. v. Stevens and Co., Inc.*, 321 N.C. 564, 568, 364 S.E.2d 129, 132 (1988) (interest compensates recovering party "for retention of the principal of the debt"). Put simply, "interest . . . means compensation allowed by law as additional damages for the lost use of money during the time between the accrual of the claim and the date of the judgment." 22 AM. JUR. 2D *Damages* § 648 (1988) (emphasis added). *See also Baxley v. Nationwide Mutual Ins. Co.*, 334 N.C. 1, 9, 430 S.E.2d 895, 900 (1993); *Ledford v. Nationwide Mut. Ins. Co.*, 118 N.C. App. 44, 49-50, 453 S.E.2d 866, 868-869 (1995).

Although the accrual of interest is tolled when defendant makes a "valid tender of payment for the full amount [of plaintiff's claim], plus interest to date," *Thompson-Arthur Paving Co.*, 95 N.C. App. at 282, 382 S.E.2d at 824, we recognize Hartford's unconditional payment offers are, by definition, not tender offers as tender offers are made in full and final settlement of a claim, *see id., Ingold v. Assurance Co.*, 230 N.C. 142, 147-148, 52 S.E.2d 366, 369-370 (1949). Rather, the instant situation presents the novel issue of whether interest should be tolled when a defendant offers to pay the aggrieved party undisputed portions of the alleged debt without prejudice to the aggrieved party's rights to further prosecute its claim against the defendant.

The trial court, here, awarded Members $59,150.00 in damages, plus accrued interest of $3,599.15, for a total judgment of $62,749.15. In calculating the accrued interest, the trial court followed Hartford's proposed computation method by decreasing the amount of principal

being taxed with interest on 1 December 1993 and again on 26 August 1994 to account for the unconditional payment offers made by Hartford on those dates—$16,845.75 on 1 December 1993; and $49,817.50 on 26 August 1994.

Hartford contends the trial court's interest computation is proper because it is unreasonable to refuse unconditional payment offers. Further, Hartford maintains that reversing the trial court's interest award would remove any incentive a defendant has to pay undisputed portions of an alleged debt prior to trial.

Members, on the other hand, asserts the trial court erred because an aggrieved party should not be required to accept less than the full amount of its claim. Indeed, according to Members, the rule employed by the trial court here impermissibly limits the autonomy of an aggrieved party by foreclosing its opportunity to refuse unconditional payment offers for tactical reasons without losing a portion of its prejudgment interest.

While both positions have merit, we conclude an aggrieved party may, without prejudice to its right to recover prejudgment interest, decline unconditional payment offers for three reasons. First, requiring defendant to pay pre-judgment interest on the full amount of the verdict, without adjusting for unconditional payment offers, is appropriate because defendant has the opportunity to invest the money during the pendency of the suit. *See Baxley*, 334 N.C. at 9, 430 S.E.2d at 900 (reaching same conclusion on prejudgment interest for underinsured motorist carriers). To hold otherwise, as urged by Hartford, would impose a penalty on an aggrieved party for a discretionary tactical decision, *see Rorrer v. Cooke*, 313 N.C. 338, 358, 329 S.E.2d 355, 367-368 (1985) (certain trial tactics are discretionary), *Applegate v. Dobrovir, Oakes & Gebhardt*, 628 F. Supp. 378, 383 (D.D.C. 1985) (generally trial tactics are discretionary), *aff'd*, 809 F.2d 930 (D.C. Cir.), *cert. denied*, 481 U.S. 1049, 95 L. Ed. 2d 837 (1987), and, in fact, result in a windfall for the defendant. Such a rule also clearly contravenes the intent behind awarding interest—compensation for lost use of principal. *Thompson-Arthur Paving Co.*, 95 N.C. App. at 282, 382 S.E.2d at 824; *Craftique, Inc.*, 321 N.C. at 568, 364 S.E.2d at 132.

Second, by making an offer of judgment based upon a good faith determination of the actual value of plaintiff's claim, defendant will be entitled to "costs incurred after the making of the offer" "[i]f the judgment finally obtained by . . . [plaintiff] is not more favorable than the offer." N.C. Gen. Stat. § 1A-1, Rule 68(a) (1990). Further, in some

MEMBERS INTERIOR CONSTRUCTION v. LEADER CONSTRUCTION CO.

[124 N.C. App. 121 (1996)]

instances, as here, the trial court is authorized by statute to award reasonable attorneys fees to the prevailing party. *See, e.g.,* N.C. Gen. Stat. § 44A-35 (1995). Defendant can thus insulate itself from many of the expenses attending frivolous and useless litigation.

Third, we reject Hartford's contention that there will be no incentive for defendants to make unconditional payment offers if this Court does not adopt Hartford's proposed interest calculation method. In fact, under certain circumstances, a defendant's failure to offer payment of an undisputed debt may rise to the level of a bad faith refusal to settle claim. *See, e.g., Dailey v. Integon Ins. Corp.,* 75 N.C. App. 387, 331 S.E.2d 148, *disc. review denied,* 314 N.C. 664, 336 S.E.2d 399 (1985). Therefore, contrary to Hartford's allegation, we believe an incentive remains—potential liability for punitive damages—for insurers to make unconditional payment offers regarding undisputed portions of an alleged debt.

Accordingly, we reverse the trial court's award of $3,599.15 in accrued interest and remand to the trial court with instructions to award interest on the verdict from the date of Hartford's breach of contract.

Finally, after careful consideration, we conclude Members' remaining assignments of error are entirely without merit.

<u>DEFENDANT'S APPEAL</u>

Hartford, on cross appeal, alleges the trial court erred by denying Hartford's motion for: (1) costs pursuant to N.C.R. Civ. P. 68; and (2) attorneys' fees pursuant to N.C. Gen. Stat. § 44A-35.

To recover either costs under Rule 68 or attorneys fees pursuant to section 44A-35, the amount of Hartford's offer of judgment must exceed Members' total recovery including interest. *Poole v. Miller,* 342 N.C. 349, 353-355, 464 S.E.2d 409, 411-412 (1995), *reh'g denied,* 342 N.C 666, 467 S.E.2d 722 (1996). *See also* N.C. Gen. Stat. § 1A-1, Rule 68(a) ("[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."); N.C. Gen. Stat. § 44A-35 (1995) ("the presiding judge <u>may allow</u> a reasonable attorneys' fee to the attorney representing the prevailing party. . . . [A] 'prevailing party' is . . . an offeror against whom judgment is rendered in an amount less favorable than the last offer.") (emphasis added). Accordingly, as the present judgment has been remanded to the trial court for recalculation of the accrued interest, we decline to consider Hartford's appeal.

Affirmed in part, reversed in part, and remanded.

Judge JOHN concurs.

Judge GREENE concurs with separate opinion.

Judge GREENE concurring.

I write separately with respect to the calculation of interest. Our statute provides that in actions for breach of contract, "the amount awarded on the contract bears interest from the date of the breach." N.C.G.S. § 24-5(a) (1991). If, however, there is a "valid tender of payment for the full amount" due under the contract, the amount awarded does not bear interest from the date of the breach. *Thompson-Arthur Paving Co. v. Lincoln Battleground Assoc.*, 95 N.C. App. 270, 282, 382 S.E.2d 817, 824 (1989). It follows that a "tender in an amount less than the amount due" does not suspend the accrual of interest on the debt. 47 C.J.S. *Interest & Usury* § 62, at 149 (1982). For these reasons I agree with the majority that the trial court erred in computing the interest inconsistent with section 24-5(a).