UNITED STATES FIDELITY AND GUARANTY COMPANY v. DAVIS MECHANICAL CONTRACTORS, INC.

No. 7228DC221

(Filed 28 June 1972)

1. Subrogation— indemnity contract — claim by insurer of indemnitee

Claim by a contractor's insurer against a subcontractor under an indemnity clause in a contract between the contractor and subcontractor for counsel fees expended by the insurer in defending a wrongful death action against the contractor and subcontractor was the same as, but no greater than, that of the contractor.

2. Indemnity § 2— agreement by subcontractor — action against contractor and subcontractor — attorneys' fees of contractor

Agreement in which a subcontractor covenanted to indemnify a contractor from liability for bodily injury arising out of the work undertaken by the subcontractor was not sufficiently comprehensive to include fees of attorneys employed by the contractor to defend a wrongful death action brought against the contractor and subcontractor which the subcontractor had refused to defend.

Judge BROCK concurs in the result.

APPEAL by plaintiff from *Israel, District Judge,* 9 December 1971 Session of District Court held in BUNCOMBE County.

This is a civil action wherein plaintiff United States Fidelity and Guaranty Company (Guaranty Company) seeks to recover from the defendant Davis Mechanical Contractors, Inc., counsel fees in the amount of $1,444.86 expended by plaintiff in defending a wrongful death action instituted against the defendant and Daniel Construction Company (Daniel), plaintiff's insured. In its complaint the plaintiff alleged that Daniel subcontracted certain work on a construction project to the defendant and that the contract contained an indemnity clause "whereby the defendant covenanted to indemnify and save harmless Daniel Construction Company from all liability claims and demands for bodily injury and property damage arising out of the work undertaken by the defendant, its employees, agents or its subcontractors." On 16 August 1968 the administrator of Thad Hardin, who was killed on the job site, instituted an action for damages for wrongful death against the defendant and Daniel. The defendant refused Daniel's request that it defend the wrongful death action pursuant to the "indemnity agreement." Thereafter, as Daniel's liability insurance carrier, the plaintiff, incurring legal expenses in the amount of $1,444.86,

employed counsel who successfully defended the suit and obtained a dismissal thereof.

From an order allowing the defendant's motion to dismiss for failure of the complaint to state a claim upon which relief could be granted, plaintiff appealed.

*Van Winkle, Buck, Wall, Starnes and Hyde by Emerson D. Wall for plaintiff appellant.*

*Roberts and Cogburn by Landon Roberts for defendant appellee.*

HEDRICK, Judge.

For the purpose of our opinion, we assume, without deciding, that the defendant, subcontractor, agreed to indemnify the contractor, Daniel, in the following language:

> "*Indemnity Agreement.* The Subcontractor covenants to indemnify and save harmless and exonerate the Contractor and the Owner of and from all liability, claims and demands for bodily injury and property damage arising out of the work undertaken by the Subcontractor, its employees, agents or its Subcontractors, and arising out of any other operation no matter by whom performed for and on behalf of the Subcontractor, whether or not due in whole or in part to conditions, acts or omissions done or permitted by the Contractor or Owner."

[1] Plaintiff's claim against the defendant under the indemnity clause in the contract between Daniel and the defendant is the same as, but no greater than, that of Daniel. 7 Strong, N. C. Index 2d, Subrogation, pp. 88-89; *Insurance Co. v. Faulkner,* 259 N.C. 317, 130 S.E. 2d 645 (1963) ; *Montsinger v. White,* 240 N.C. 441, 82 S.E. 2d 362 (1954). Therefore, before we can determine whether the trial court erred in dismissing plaintiff's action for failure to state a claim upon which relief could be granted, we must first determine whether Daniel could have maintained an action under the indemnity clause of the contract against the defendant to recover legal expenses incurred in defending the wrongful death suit which the defendant, indemnitor, refused to defend. The answer is no.

In *Coach Co. v. Coach Co.,* 229 N.C. 534, 50 S.E. 2d 288 (1948) where the plaintiff sought to recover under the in-

demnity clause in a contract between the two coach companies whereby the defendant Coach Company was given authority to operate motor buses over certain franchise routes of the plaintiff Coach Company, with provision in the contract that defendant should indemnify and save harmless the plaintiff from any and all damages or loss occasioned by the operation of defendant's motor vehicles over these franchise routes, our Supreme Court held that in the absence of an express agreement the indemnitor could not be held liable for legal expenses incurred by the indemnitee in defending suits brought against both the indemnitor and the indemnitee. In the *Coach Co.* case, in affirming the trial court's order sustaining the defendant's demurrer to the complaint, the Supreme Court said:

> "The language in which the contract of indemnity is couched, as set out in the complaint, affords ground for recovery for damages or loss occasioned plaintiff by the operation of defendant's buses over plaintiff's franchise routes, but is not sufficiently comprehensive to include reimbursement for the fees of attorneys employed by plaintiff to defend suits brought against the defendant or both defendant and plaintiff. There is no allegation that any damages or costs were adjudged against or paid by the plaintiff, or that loss was occasioned by the operation of defendant's buses, or that plaintiff was called upon or required to defend, or that defendant failed to pay all damages and costs growing out of the suits referred to. * * * In the absence of an express agreement therefor this would not include amounts paid for attorneys' fees. (Citations omitted.) Nor is the expense of employing attorneys in the successful defense of a suit for damages for tort allowable as part of the costs or recoverable in the absence of an express agreement therefor. (Citations omitted.) Expense unnecessarily incurred for attorneys' fees may not be recovered. (Citations omitted.)"

[2] Thus, the language in the contract of indemnity in the present case affords grounds for recovery for damages and loss occasioned Daniel by work undertaken by the subcontractor, but is not sufficiently comprehensive to include reimbursement for the fees of attorneys employed by Daniel to defend the wrongful death action brought against the defendant and Daniel. In the present case, as in *Coach Co.,* there is no allegation in the complaint that any damages were adjudged against or paid by

Daniel, or that loss was occasioned by the performance of the work under the contract by the defendant, or that Daniel was called upon or required to defend the wrongful death suit. The allegations in the present complaint show affirmatively that the wrongful death action was successfully defended and dismissed at no loss or expense to Daniel.

Therefore, we hold that since the indemnitee, Daniel, would not have had a claim against the indemnitor to recover attorneys' fees incurred in defending the wrongful death action, the plaintiff, Guaranty Company, as subrogee, would have no claim. The plaintiff, Guaranty Company, as subrogee, has failed to state a claim against defendant upon which relief can be granted, and the Court correctly allowed the motion to dismiss.

Affirmed.

Judge VAUGHN concurs.

Judge BROCK concurs in the result.