WILLIAM G. HINKLE, II v. C. A. BOWERS

No. 8722DC348

(Filed 5 January 1988)

1. Contracts §§ 20.2, 21— breach of contract—no substantial performance—no prevention of performance by other party

Evidence that defendant merely asked noteholders to sign a release of a lot from a deed of trust did not show substantial performance by defendant of his contractual obligation to furnish the release. Furthermore, defendant's contention that plaintiff prevented him from obtaining the release was refuted by his own pleadings and evidence showing that he could have obtained the release at any time by paying $2,000 on a debt that he had assumed.

**2. Attorneys at Law § 7.5; Contracts § 29— breach of contract—damages—fee paid to attorney**

A $150 fee which plaintiff had paid to his attorney to obtain a release of a lot from a deed of trust was properly included in the damage award to plaintiff for defendant's breach of a contract to obtain the release since the $150 did not constitute an unauthorized taxing of attorney fees as part of the court costs but constituted a foreseeable expense incurred by plaintiff because of defendant's breach of contract.

Judge GREENE concurring.

APPEAL by defendant from *Cathey, Judge.* Order entered 12 February 1987 in District Court, DAVIDSON County. Heard in the Court of Appeals 21 October 1987.

*Lambeth, McMillan and Weldon, by Wilson O. Weldon, Jr., for plaintiff appellee.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Charles H. McGirt, for defendant appellant.*

PHILLIPS, Judge.

This appeal is from an order of summary judgment holding defendant liable to plaintiff in the amount of $2,150 for breaching his written contract dated 22 November 1985 to convey to plaintiff "all of his right, title and interest in and to Lot 36 of Misty Acres, Randolph County, released and free from that deed of trust to Loy Craig Gaddy recorded in Book 1156, Page 131, Randolph County Registry." The contract dissolved a real estate development partnership business the parties had operated theretofore and under its other terms defendant *received* plaintiff's interest in the partnership accounts and property, *assumed* the firm's $79,240.50 note to Loy Craig Gaddy and wife which was secured by a deed of trust on the Misty Acres subdivision, and *paid* plaintiff $18,083.85. Though defendant immediately quitclaimed his interest in the lot to plaintiff, he did not get the lot released from the deed of trust because the noteholders would not release it until $2,000 was paid on the note and defendant refused to pay it. Plaintiff had contracted to sell the lot and on 10 April 1986, five days before the sale was scheduled to be closed, he had his attorney obtain the release by paying $2,000 on the note and he paid his attorney $150 for getting the release.

[1] The foregoing facts were established without contradiction by the pleadings, written contract, correspondence, affidavits, and other documents considered by the court in ruling upon plaintiff's motion for summary judgment. But whether these uncontradicted facts establish as a matter of law that defendant breached his contract to get Lot 36 in Misty Acres released from the Gaddy deed of trust and that plaintiff necessarily expended $2,150 in getting the lot released is not raised by any assignment of error and thus will not be discussed. Rule 10, N.C. Rules of Appellate Procedure. The only questions raised by defendant's sole assignment of error are whether "there is a genuine issue as to material fact as to whether or not there was substantial performance and whether or not the plaintiff by his own conduct prevented performance." Neither question has merit. The written agreement, unclouded by either ambiguity or qualification, required defendant to get Lot 36 released from the deed of trust, and merely asking the noteholders to sign the release, all that he did according to his affidavit, was not a substantial performance of his obligation to furnish the release. And defendant's contention that he was "prevented" from getting the lot released by plaintiff is refuted by his own pleadings, affidavit and brief, all of which recognize that he could have obtained the release anytime he wanted to by paying $2,000 on a debt that he assumed and is obligated to pay. Whether the noteholders were justified in requiring the payment is not clear and is immaterial in any event under the circumstances, since defendant contracted to get the release and has shown no valid reason for not doing so. The only possible indication that defendant was "prevented" from getting the release is a statement in his affidavit that the noteholders told him that the note was in default, and presumptively the payment was demanded, because of some earlier failure on plaintiff's part. But the statement has no legal effect because affidavits on a motion for summary judgment must be based on personal knowledge, Rule 56, N.C. Rules of Civil Procedure, and defendant admitted in the affidavit that he had no personal knowledge of the reported default by plaintiff, and prevention of performance cannot be based upon events that occurred before a contract was entered into. 17 Am. Jur. 2d *Contracts* Sec. 427 (1964).

[2] Defendant also argued in his brief that plaintiff told him before the agreement was signed that the release could be ob-

tained without consideration simply by asking the noteholders, and that $150 of plaintiff's award was an unauthorized taxing of attorney's fees as part of the court costs. These arguments are not supported by the assignment of error above quoted and we reject them. Even so, the arguments have no merit. Since the written contract is clear and unambiguous, defendant's parol evidence as to an intention or understanding contradictory to that manifested by the writing cannot be accepted. *Williams v. McLean*, 220 N.C. 504, 17 S.E. 2d 644 (1941). And all the materials recorded, as well as the order itself, show without contradiction that the $150 was awarded to plaintiff not as a cost of court, but as an expense proximately and foreseeably incurred by plaintiff because of defendant's breach of contract. *See* 25 C.J.S. *Damages* Secs. 45, 50(e) (1966); Hightower, North Carolina Law of Damages, Sec. 17-10 (1981).

Affirmed.

Judges BECTON and GREENE concur.

Judge GREENE concurring.

I disagree with the majority's holding that plaintiff was entitled to $150 in attorney's fees "as an expense proximately and foreseeably incurred by plaintiff because of defendant's breach of contract." Whether denominated "costs," "damages" or "expenses," a trial court may only award legal fees pursuant to express statutory or contractual authority or pursuant to its exercise of certain equitable or supervisory powers. *See generally Parker v. Lippard*, 87 N.C. App. 43, 45, 359 S.E. 2d 492, 494 (1987) (denying attorney's fees as "cost" or "expense" of foreclosure and citing cases barring fees as general "damage"). The parties' written agreement does require defendant to indemnify plaintiff for "all loss, damage, claims, liabilities, or obligations" arising out of certain partnership operations and debts. However, the scope of this indemnifying language is not comprehensive enough to encompass reimbursing plaintiff's attorney's fees. *See Cooper v. H. B. Owsley & Son, Inc.*, 43 N.C. App. 261, 269, 258 S.E. 2d 842, 847 (1979); *U.S. Fidelity and Guar. Co. v. Davis Mechanical Contractors, Inc.*, 15 N.C. App. 127, 129, 189 S.E. 2d 553, 554 (1972); *see generally* Hightower, North Carolina Law of Damages, Sec.

17-10 n.19 (1981). Therefore, absent express authority, the trial court erroneously awarded plaintiff $150 attorney's fees.

However, I agree that defendant's lone assignment of error completely fails to address any aspect of the damages awarded by the trial court. As defendant has therefore waived review of this error under N.C.R. App. P. 10(a), I concur in the majority's disposition of the case.