**KORNEGAY v. BROADRICK**

[119 N.C. App. 326 (1995)]

GEORGE C. KORNEGAY AND WIFE, RETHA B. KORNEGAY, PLAINTIFFS v. GARY L. BROADRICK AND WIFE, PATRICIA E. BROADRICK, WARLICK, MILSTED, DOTSON & CARTER, A GENERAL PARTNERSHIP CONDUCTING THE PRACTICE OF LAW, ALEX WARLICK, JR., CARL STEPHEN MILSTED, MARSHALL F. DOTSON, JR., AND JOHN T. CARTER, JR., INDIVIDUALLY, MARK PADGETT, AND INVESTORS TITLE INSURANCE COMPANY, DEFENDANTS

No. 944SC676

(Filed 20 June 1995)

### Attorneys at Law § 64 (NCI4th)— attorneys' fees to clear encumbrance from land—fees not recoverable

The trial court in its order for judgment on the pleadings did not err in denying plaintiffs' prayer for attorneys' fees paid in clearing an encumbrance on land sold to plaintiffs by defendants, since, absent express statutory or contractual authority or pursuant to certain equitable powers of the court, attorneys' fees are not recoverable.

### Am Jur 2d, Attorneys at Law §§ 237-244.

Appeal by plaintiffs from judgment entered 4 April 1994 by Judge Ernest B. Fullwood in Onslow County Superior Court. Heard in the Court of Appeals 2 March 1995.

*David M. Rouse for plaintiffs-appellants.*

*E. C. Thompson, III for defendants-appellees.*

LEWIS, Judge.

This appeal arises out of an action brought by plaintiffs to recover damages for breach of a warranty deed executed by defendants Gary and Patricia Broadrick.

The facts are not in dispute. The Broadricks conveyed certain real property to plaintiffs by warranty deed. Plaintiffs subsequently discovered that the property was within the right of way of the Intracoastal Waterway owned by the United States Government, a condition recognized as something of an encumbrance. Plaintiffs brought suit in state court against the Broadricks, the closing attorneys, the title company, and the surveyor of the property. The Broadricks counterclaimed for the amount due under the note. The claims against the attorneys and the surveyor were dismissed.

KORNEGAY v. BROADRICK

[119 N.C. App. 326 (1995)]

Another action was brought in federal court against the United States Government by property owners whose property was affected by the right of way for the Intracoastal Waterway. The present action, still pending in state court, was then "closed" pending resolution of the federal action. Pursuant to a settlement agreement, the Broadricks paid $5000 to the United States Government, and plaintiffs' land was cleared of the encumbrance. The settlement was without prejudice to any state court claims the Broadricks and Kornegays had against each other. This action was then "reactivated" in state court for resolution of remaining issues. Defendants filed a motion for judgment on the pleadings on its counterclaim. The court granted defendants' motion and denied plaintiffs' prayer for attorney's fees.

The sole issue on appeal is whether the trial court, in its order for judgment on the pleadings, erred in denying plaintiffs' prayer for attorney's fees paid in clearing the encumbrance. Since plaintiffs have not argued their other assignments of error, these are deemed abandoned. N.C.R. App. P. 28(a) (1995).

Absent express statutory or contractual authority or pursuant to certain equitable powers of the court, attorney's fees are not recoverable. *Parker v. Lippard*, 87 N.C. App. 43, 45, 359 S.E.2d 492, 494 (citing *Bowman v. Comfort Chair Co.*, 271 N.C. 702, 704, 157 S.E.2d 378, 379 (1967)), *modified and aff'd*, 87 N.C. App. 487, 361 S.E.2d 395 (1987). This rule includes attorney's fees sought either as damages or as costs. *Powers v. Powers*, 103 N.C.App. 697, 706, 407 S.E.2d 269, 275 (1991). Plaintiffs do not contend that the court has equitable power to award attorney's fees here. Furthermore, plaintiffs point to no contractual or express statutory authority permitting them to recover the attorney's fees they incurred to clear their title.

*Hinkle v. Bowers*, 88 N.C. App. 387, 363 S.E.2d 206 (1988), cited by plaintiffs, is not controlling. "Language in an opinion not necessary to the decision is *obiter dictum* and later decisions are not bound thereby." *Trustees of Rowan Technical College v. J. Hyatt Hammond Assocs., Inc.*, 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985). There is language in *Hinkle* suggesting that $150 paid to a plaintiff's attorney for obtaining a release was recoverable as damages for breach of contract. *Hinkle*, 88 N.C. App. at 390, 363 S.E.2d at 208. However, in *Hinkle*, this Court's holding on the attorney's fees issue rests on a determination that the defendant's arguments were not supported by its assignments of error. All other commentary by this Court in *Hinkle* on the attorney's fees issue is non-binding dicta.

We are bound by the rule set forth in *Bowman, Powers,* and *Parker.* Plaintiffs may not recover attorney's fees as damages or as costs.

For the reasons stated, the order for judgment on the pleadings is affirmed.

Affirmed.

Judges COZORT and GREENE concur.