Having reviewed the plaintiff's motion, defendant's response, and the Full Commission's record for the Opinion and Order filed on August 28, 2001, the Full Commission hereby DENIES plaintiff's motion.
 ***********
Based on the competent evidence, the Full Commission enters the following
 FINDINGS OF FACT
1. On or about June 8, 1995, the Industrial Commission approved a Compromise Settlement Agreement ("Clincher") in this case.
2. At some time after the Clincher was approved, defendants became aware that plaintiff had purchased a truck and either was or was intending to engage in the occupation as a long haul truck driver. Defendants expressed that the terms of the Clincher agreement was reached on the representation that plaintiff's injuries precluded him from performing his pre-injury employment as a truck driver and defendants filed this action, initially in Superior Court and ultimately before the Industrial Commission, to set aside the Clincher on the basis of fraud and misrepresentation.
3. Numerous proceedings have occurred at the Deputy and Full Commission levels on defendant's action to set aside the Clincher Agreement. On or about October 11, 1999, Deputy Commission Berger, after a full evidentiary hearing, entered an Opinion and Award which set aside the Clincher based on findings of fraud and misrepresentation. Plaintiff appealed from this decision, but did not raise any issue in his Form 44 to preserve a claim, if any, for denial of attorney's fees for representing plaintiff in this action.
4. On review of the Deputy Commissioner Berger's decision, the Full Commission struggled with the correct resolution of this claim. On or about November 21, 2000, the Full Commission entered an Opinion and Award which affirmed Deputy Commissioner Berger's finding that the Clincher should be set aside on grounds of fraud and misrepresentation. On December 8, 2000, the Full Commission sua sponte withdrew its November 2000 Opinion and Award with an Order expressing that it would reconsider the action. On August 27, 2001, the Full Commission entered an Opinion and Award which was contrary to its prior opinion and ruled that the Clincher would not be set aside.
5. The Full Commission finds that defendant's action to set aside the Clincher was not brought without reasonable grounds. Specifically, the Full Commission found facts sufficient to raise reasonable question as to whether plaintiff had misrepresented to his doctor and/or defendants that he could no longer drive a truck and whether the Clincher was based on the representation that plaintiff could not work as a truck driver. The Full Commission, however, ultimately found that plaintiff did not intentionally or negligently mislead anyone about his physical abilities, that he purchased a truck that was more comfortable than the vehicles offered by defendant-employer, and that his attorney did not make any misrepresentation in negotiating the settlement with defendants.
6. The August 27, 2001, Opinion and Award of the Full Commission has become final because no party has filed a timely notice of appeal.
7. Plaintiff's counsel in his brief to the Full Commission requested attorney's fees pursuant to N.C.G.S. § 97-88.1. The Full Commission's August 28, 2001, Opinion and Award did not award plaintiff's attorney's fees and this finding was not appealed to the Court of Appeals within the thirty day time period contained in N.C.G.S. § 97-86.
8. On October 8, 2001, more than thirty days after the August 27, 2001 Opinion and Award was filed plaintiff's motion for attorney's fees was filed with the Full Commission.
 ***********
The foregoing facts engender the following
 CONCLUSIONS OF LAW
1. The Opinion of the Full Commission is binding as to all questions of fact and law if not appealed to the Court of Appeals within thirty (30) days. N.C.G.S. § 97-86. Therefore, the plaintiff has waived any claim for attorney's fees by not preserving this issue with a timely motion for reconsideration to the Full Commission or an appeal to the Court of Appeals.
2. Attorneys fees generally are not recoverable in a civil action in the absence of statutory authority. Bowman v. Comfort Chair, 271 N.C. 702,157 S.E.2d 378 (1967); Kornegay v. Broadrick, 458 S.E.2d 274,119 N.C. App. 326 (1995). Therefore, entitlement to attorneys' fees is not determined by equity, but requires an examination of the statutory basis for the fees. Plaintiff's claim for fees pursuant to Section 97-88.1
requires plaintiff to establish that this action was brought, prosecuted, or defended without reasonable ground. Troutman v. White Simpson, Inc., 121 N.C. App. 48, 464 S.E.2d 481 (1995). In considering this issue, the test is not whether the plaintiff ultimately prevails, but is whether the reason for the dispute was based on stubborn, unfounded litigiousness. Donnell v. Cone Mills Corp., 60 N.C. App. 338,299 S.E.2d 436, cert. denied, 308 N.C. 190, 302 S.E.2d 243 (1983). The Commission has found that defendant's request to set aside the Clincher was not brought without reasonable ground, therefore, plaintiff's motion for attorney's fees is denied. N.C.G.S. § 97-88.1.
 ***********
The foregoing engender the following
 ORDER
1. Plaintiff's request for attorney's fees to be paid by defendants is DENIED.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER