**LEE BROTHERS CONTRACTORS,**
**Plaintiff-Respondent,**

v.

**CHRISTY PARK BAPTIST CHURCH,**
**Defendant-Appellant.**

No. 49955.

Missouri Court of Appeals,
Eastern District,
Division One.

March 18, 1986.

Terry Lee Jones, Clayton, for defendant-appellant.

Walter L. Brady, St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a judgment in a court-tried case awarding plaintiff $4584 plus interest and attorney's fees on a claim in quantum meruit. We reverse.

Defendant entered into a contract with Kirkwood Building Company for expansion of its property. As general contractor Kirkwood subcontracted with plaintiff for lath and plastering. Plaintiff completed that work in satisfactory manner but was not paid. After making demand on both Kirkwood and defendant, plaintiff brought this suit. The petition made no allegation of non-payment by defendant to Kirkwood. Defendant's answer alleged such payment. At trial the only evidence concerning payment was defendant's evidence of payment to Kirkwood of the entire amount of the general contract.

Quantum meruit is based primarily on the concept of unjust enrichment. Unjust enrichment occurs where a benefit is conferred upon a party under circumstances where retention of that benefit without paying for it would be unjust. *Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261 (Mo.App.1984) [4–8]. *Green Quarries* is directly on point and indistinguishable. Where the owner of the property has paid the contractor for the improvements there is nothing unjust about the owner's enrichment. Payment or nonpayment by the owner determines the most important element of a claim for quantum meruit—unjust enrichment. Non-payment by the owner must be pleaded and proved by the subcontractor in order to establish a cause of action for quantum meruit. *Id.* [11–14]. Plaintiff's petition made no such allegation and its proof was similarly deficient.[1] The trial court erred in entering judgment for plaintiff.

The trial court also made a finding that defendant "impaired" the right of plaintiff to exert its mechanic's and materialmen's lien by waiving receipt of lien waivers from Kirkwood for 30 days after payment. Lien waivers protect the owner. Their absence in no way "impairs" the statutory rights given to the sub-contractor and we are at a loss to understand how the failure of the owner to obtain them impacts on the sub-contractor.

Judgment reversed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.

1. Plaintiff's counsel specifically stated that the trial was not an action for a mechanic's lien.