**KARR–BICK KITCHENS & BATH, INC., Plaintiff/Appellant,**

v.

**GEMINI COATINGS, INC. Defendant/Respondent,**

and

**HPI Paints, Inc., Defendant.**

No. 69764.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 29, 1996.

James P. Bick, Jr., LaTourette, Schlueter & Byrne, P.C., St. Louis, for Plaintiff/Appellant.

Martin J. Buckley, Evans & Dixon, St. Louis, for Defendant/Respondent.

**878**

CRANDALL, Judge.

Plaintiff, Karr–Bick Kitchens & Baths, Inc., appeals from the trial court's grant of summary judgment in favor of defendant, Gemini Coatings, Inc. (Gemini), in plaintiff's action for breach of warranties related to the sale to plaintiff of products manufactured by Gemini. We affirm.

When considering an appeal from a summary judgment, this court reviews the record in the light most favorable to the non-moving party, giving the non-movant the benefit of all reasonable inferences from the record. *ITT Commercial Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* Our review is essentially *de novo.* Because the propriety of summary judgment is purely an issue of law, an appellate court need not defer to the trial court's grant of summary judgment. *Id.*

To be entitled to summary judgment, the movant must establish that there are no issues of material fact and that he is entitled to judgment as a matter of law. Rule 74.04. Once the movant has established that he is entitled to judgment as a matter of law, the non-moving party must show that there is a genuine issue as to the facts underlying the movant's right to judgment. *ITT Commercial*, 854 S.W.2d at 382. For purposes of Rule 74.04, a "genuine issue" exists where the record contains competent materials that demonstrate two plausible, but contradictory, accounts of the essential facts.

The record in the instant action consists of affidavits and exhibits. The record establishes that plaintiff was a contractor who designed, built, and remodeled residential kitchens. Gemini was an Oklahoma-based manufacturer of paints and varnishes.

Plaintiff purchased paints, primers, and varnishes manufactured by Gemini from H.P.I. Paints, Inc., a St. Louis paint and varnish distributor (distributor). The labels on these products contained the following disclaimer:

**LIMITATION OF LIABILITY:** You must be delighted with this product or we will replace the material or refund the purchase price. WE MAKE NO OTHER WARRANTY OR GUARANTEE OF ANY KIND, EXPRESS OR IMPLIED, INCLUDING MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE. Liability, if any, is limited to replacement of the product or refund of the purchase price. LABOR OR COST OF LABOR AND OTHER CONSEQUENTIAL DAMAGES ARE HEREBY EXCLUDED.

Plaintiff applied Gemini's products to kitchen cabinets it constructed and installed for a customer. The varnish separated from the kitchen cabinets, resulting in peeling and cracking.

Plaintiff filed a petition against Gemini and the distributor, claiming damages caused by the failure of the varnish to adhere to the wood cabinets. The two-count petition alleged that Gemini and the distributor breached not only express warranties but also implied warranties of merchantability and of fitness for a particular purpose.

Following discovery, Gemini filed a motion for summary judgment. In an affidavit submitted with plaintiff's memorandum in support of its response to Gemini's motion, plaintiff's president stated that he had met with an employee of the distributor who assured him that Gemini was a manufacturer that would totally back plaintiff in the event a failure of its product necessitated a rework. In response, Gemini produced the affidavit of its president stating that since 1986 all items leaving its manufacturing facilities had labels affixed to them containing a limitation of liability. The trial court granted summary judgment in favor of Gemini on both counts of plaintiff's petition.

On appeal, plaintiff's sole claim of error is that the trial court erred in granting summary judgment in favor of Gemini.[1] It argues there existed a genuine issue of fact whether the agreement of the parties includ-

---

1. After the trial court granted summary judgment in favor of Gemini, plaintiff dismissed without prejudice its cause of action against the distributor.

ed language constituting an effective disclaimer of warranties. In addition, plaintiff contends the trial court misapplied the law because a disclaimer of warranties delivered with the varnish cannot disclaim previously made express and implied warranties; and also in view of the fact that the varnish provided by Gemini was not a consumer good, the disclaimer was invalid.

■ As to express warranties, the affidavit submitted in support of plaintiff's response to Gemini's motion for summary judgment stated that the distributor, not Gemini, sold the products to plaintiff and made express warranties to plaintiff concerning Gemini's products. There was no evidence either that there was a contract between plaintiff and Gemini or that Gemini made representations directly to plaintiff regarding its products. Unless the distributor acted as an agent of Gemini when it made the express warranties to plaintiff, Gemini cannot be bound by the representations of the distributor.

■ "Agency is a legal concept consisting of three elements: (1) the agent's power to alter legal relationships between the principal and third persons and between the principal and himself, (2) a fiduciary relationship with respect to matters within the scope of the agency, and (3) the principal's right to control the conduct of the agent." *River's Bend Red–E–Mix, Inc. v. Parade Park Homes, Inc.*, 919 S.W.2d 1, 4 (Mo.App. W.D. 1996). "A party who relies upon the authority of an agent has the burden of proof regarding both the fact of the agency relationship and the scope of the agent's authority." *Air Evac EMS, Inc. v. Goodman*, 883 S.W.2d 71, 74 (Mo.App. S.D.1994). Agency will not be inferred merely because a party assumed it existed. *Id.* Here, plaintiff failed to allege or to offer any evidence that the distributor acted as Gemini's agent when it made representations to plaintiff about Gemini's products. Therefore, any express warranties made by the distributor were not binding on Gemini.

■ In addition, the disclaimer of warranties in a contract document is effective to bar a claim based on express warranty. *See Clevenger and Wright Co. v. A.O. Smith Harvestore Products, Inc.*, 625 S.W.2d 906, 908 (Mo.App.1981); *see also* § 400.2–316,

RSMo(1994). A manufacturer may disclaim liability expressly via prominent package markings. *Groppel Co., Inc. v. U.S. Gypsum Co.*, 616 S.W.2d 49, 61 n. 13 (Mo.App.1981). Here, the label affixed to the containers of varnish stated, "WE MAKE NO OTHER WARRANTY OR GUARANTEE OF ANY KIND, EXPRESS OR IMPLIED. . . ." The language printed on the label sufficiently disclaimed Gemini's liability for any express warranties which were made to plaintiff.

■ As to implied warranties, a manufacturer's disclaimer of warranties and a reseller's disclaimer of warranty are conceptually different:

When the manufacturer sells the goods to a dealer who resells the goods to the ultimate purchaser, the latter cannot sue the manufacturer if the manufacturer ha[s] made a disclaimer of warranties that satisfied UCC § 2–316. The fact that the manufacturer is thus protected from liability does not protect the dealer who resells without making his own disclaimer of warranties. That is, the manufacturer's disclaimer of warranties does not run with the goods so as to protect any subsequent seller of them. To the contrary, each subsequent seller must make his own independent disclaimer in order to be protected from warranty liability.

3 Anderson, Uniform Commercial Code (1983) 365–366, § 2–316:62 (footnotes omitted).

Under § 400.2–316(2), RSMo(1994), an implied warranty of merchantability may be excluded by a conspicuous writing which mentions the term "merchantability"; and an implied warranty of fitness may be excluded by a conspicuous writing. Language is "conspicuous" if it is "in larger or other contrasting type or color." § 400.1–201(10), RSMo (1994). Whether language is "conspicuous" or not is for the decision of the trial court. § 400.1–201(10).

Here, the containers of varnish delivered to plaintiff from Gemini were affixed with labels containing disclaimer language. The introductory phrase of the disclaimer, "LIMITATION OF LIABILITY," was printed not only in capitals but also in bold print. The language excluding the warranties was written in capitalized letters and was more

prominent than the other type on the label. The language was sufficiently set off from the surrounding material so as to draw attention to it. The language thus conformed with the definition of "conspicuous" as set out in § 400.1–201(10). The language of the disclaimer also specifically referred to "merchantability." The label, therefore, effectively disclaimed any implied warranties of merchantability.

Section 400.2–315, RSMo (!994) recognizes that an implied warranty of fitness for a particular purpose arises if the seller had reason to know of any purpose for which the goods were intended and the buyer relied on the seller's judgment in purchasing the goods. Section 400.2–315 provides, however, that an implied warranty for a particular purpose may be excluded under § 400.2–316. As mentioned above, the language contained in the label was conspicuous as required under § 400.2–316 and thus operated to disclaim an implied warranty of fitness for a particular purpose.

The trial court correctly concluded that, as a matter of law, the disclaimer on the labels affixed to the containers of varnish furnished to plaintiff by Gemini was effective to exclude any express warranties or any implied warranties of merchantability or fitness for a particular purpose. *See, e.g., Barazzotto v. Intelligent Systems, Inc.,* 40 Ohio App.3d 117, 532 N.E.2d 148 (1987) (language excluding an implied warranty for a particular purpose appearing on software packaging constituted effective disclaimer under Ohio adoption of the Uniform Commercial Code); *Tyson v. Ciba–Geigy Corp.,* 82 N.C.App. 626, 347 S.E.2d 473 (1986) (label on herbicide sufficient to exclude implied warranty of merchantability under North Carolina adoption of the Uniform Commercial Code). The trial court properly granted summary judgment in favor of Gemini on that basis. Plaintiff's point on appeal is denied.

The judgment of the trial court is affirmed.

AHRENS, C.J., and CHARLES B. BLACKMAR, Senior Judge, concur.