**BRECKENRIDGE MATERIAL CO., et al., Respondents,**

v.

**ALLIED HOME CORPORATION, et al., Appellants.**

No. 70838.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 2, 1997.

Mark H. Zoole, Weier, Hockensmith & Sherby, St. Louis, for appellants.

Donald E. Heck, Clayton, for respondents.

WILLIAM E. TURNAGE, Senior Judge.

Two subcontractors brought an action in quantum meruit against Michael and Terry Murphy because the general contractor hired by the Murphys had failed to pay them. The court entered judgment in favor of the subcontractors. The Murphys appeal, claiming the verdict was not supported by substantial evidence. Reversed.[1]

In July of 1992, Michael and Terry Murphy contracted with Allied Home Corporation to construct a home for them in Town and Country. The contract price was $231,-195. Allied hired, among others, Tim Ortmann of Ortmann Stair Company to build a stairway and Panke Construction Services to do drywall work. In June of 1993, Allied abandoned the project. At that time Tim Ortmann was owed $2200 and Panke was owed about $5800.

At trial, Ortmann and Panke introduced evidence of the work they had done and the fact that they had not been paid. The Murphys introduced evidence that they had paid a total of $259,529 for work and material that went into the house. The evidence of the Murphys that they had paid more than the contract price for labor and material for the house was uncontradicted.

In *Lee Bros. Contractors v. Christy Park Baptist Church*, 706 S.W.2d 608 (Mo. App.1986), this court examined the requirements for quantum meruit when an owner pays a general contractor but the general contractor fails to pay subcontractors. This court stated in *Lee* that "[q]uantum meruit is based primarily on the concept of unjust enrichment." *Id.* at 609. The court further stated that unjust enrichment occurs when retention of a benefit conferred without paying for it would be unjust. *Id.* The court further stated:

> Where the owner of the property has paid the contractor for the improvements there is nothing unjust about the owner's enrichment. Payment or nonpayment by the owner determines the most important element of a claim for quantum meruit—unjust enrichment. Non-payment by the owner must be pleaded and proved by the subcontractor in order to establish a cause of action for quantum meruit.

*Id.*

In *International Paper Co. v. Futhey*, 788 S.W.2d 303 (Mo.App.1990), this court held:

> [W]here the landowner has paid a general contractor for the materials by paying the contract price, he is not unjustly enriched

---

1. The caption relates to other parties in the litigation who are not involved in this appeal.

because he has paid for what he received. Even though the subcontractor remains unpaid and thus suffers detriment, equity will not require the owner to pay twice. *Id.* at 306. Thus the question in this case is not whether the subcontractors have been paid but whether or not the Murphys have paid the full contract price for the construction of their home.[2] In *International Paper* this court further stated: "The question of unjust enrichment focuses not upon what the contractor has received, but rather what the owner has paid." *Id.* The court also stated:

> Having paid the amount they were required to pay under the construction contract in the manner specified in that contract, the Sinklers were entitled to receive a completed residence in return. No unjust enrichment accrued to the Sinklers because Futhey defaulted forcing them to expend additional sums in order to obtain what they were entitled to under the contract.

*Id.*

Ortmann and Panke contend that most of the money the Murphys were to pay for the construction of the home was placed in escrow and was paid out only on vouchers bearing the signature of Allied and one of the Murphys. After Allied withdrew, the Murphys signed both as contractor and owner. Ortmann and Panke contend that at the time Allied withdrew there was $11,000 in escrow from which they could have been paid. However, the evidence was uncontradicted that the Murphys paid in excess of $11,000 more for the home than the contract required. Under the above cases the court only inquires into the amount the owner has paid. The Murphys have paid more than the contract price. Thus, even though the subcontractors have not been paid, there can be no unjust enrichment because the law will not require the owner to pay twice.

In this case there was no evidence to dispute the Murphys' evidence that they paid more than the contract price for labor and material furnished to construct their home. While it is unfortunate that the subcontrac-

tors in this case cannot recover, the law is clear that for them to recover under quantum meruit, they must prove that the Murphys have not paid the contract price for their home. Lacking that evidence, Ortmann and Panke have not proven their claim in quantum meruit.

Since Ortmann and Panke failed to adduce evidence to establish their claim in quantum meruit, it follows that the judgment is not supported by substantial evidence and must be reversed. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is reversed and this cause is remanded with directions to enter judgment in favor of the Murphys.

AHRENS, P.J, and CRANDALL, J., concur.

---

**2.** The same rule applies whether the owner pays the general contractor only, or pays part to the general and part to a sub-contractor. *Northeast*

*Painting v. AOC Int'l,* 831 S.W.2d 711 (Mo.App. 1992).