Bill MOORE d/b/a Bill Moore
Construction, Respondent,

v.

James P. HENLEY and Ruth
N. Henley, Appellants,

Kenneth Adams, et al., d/b/a Kenwood
Homes and Kenwood Homes,
L.C., Defendants.

No. WD 54680.

Missouri Court of Appeals,
Western District.

May 19, 1998.

Rehearing Denied June 30, 1998.

James L. Spradlin, Troy, for Appellants.

Joe D. Holt, Fulton, for Respondent.

Before EDWIN H. SMITH, P.J., and
SMART and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

James P. Henley and Ruth N. Henley appeal the circuit court's judgment awarding Bill Moore, d/b/a Bill Moore Construction, respondent, $16,228 on his claim for payment for concrete work he performed as a subcontractor in the construction of the basement and garage for their modular home. On appeal, the appellants advance what they denominate as seven separate points relied on.

In their first two points, the appellants assume that the judgment of the trial court was based upon a breach of contract theory. In this respect, the appellants allege that there was insufficient evidence to support a finding that a contract existed between them and the respondent. In their third, fourth and fifth points, the appellants claim that the trial court erred in awarding the respondent a judgment based upon a theory of unjust enrichment or quantum meruit because: (1) neither theory was pled; (2) neither theory was tried by implied consent; and, (3) there was insufficient evidence to establish each element necessary for recovery under either theory. In their sixth point, they claim that the trial court erred in holding them and the co-defendant, the general contractor, Kenwood Homes, jointly liable for the $16,228 judgment awarded to the respondent. In their seventh point, they claim that the trial court erred in awarding the respondent prejudgment interest.

We reverse and remand.

## Facts

On or about November 4, 1995, the appellants, contracted with Kenneth and Scott Adams, d/b/a "Kenwood Homes," for the purchase, delivery and erection of a modular home, including the construction of a basement and garage. With respect to the contract, Kenwood Homes obtained an oral agreement from the respondent to do the necessary concrete work in constructing the appellants' basement and garage.

In December 1995, the respondent poured the concrete for the basement and garage of the appellants' home. Subsequently, the concrete froze, causing "little spots to pop out of the top of it." As a result, the appellants requested that all of the concrete be torn out and completely replaced. However, the respondent did not believe that was necessary to repair the problem. Eventually the parties arrived at a compromise, and in June of 1996, the concrete was repaired by pouring new concrete over the damaged areas.

On or about July 15, 1996, the respondent submitted his bill of $16,228 to Kenwood Homes for payment, which did not include any extra expenses for repairing the damaged concrete. However, the respondent was never paid by Kenwood Homes for his work. As a result, on November 12, 1996, the respondent filed a petition in the Associate Division of the Circuit Court of Callaway County, Missouri, seeking payment from both Kenwood Homes and the appellants for the work he performed on the appellants' property. The petition, in pertinent part, states:

> [t]hat the defendants have been benefitted by the work, labor and materials supplied by the Plaintiff and that the property of Defendants Henley has been substantially improved by such work, labor and materials in accordance with the Order, and that the Defendants have received them and have not now made any complaint of their value and/or benefit, but have failed to make payment.

Kenwood Homes filed a cross-claim against the appellants alleging that they still owed $7,162 on the contract between them. In response, the appellants filed an "Answer to Cross Claim, Affirmative Defenses, and Counterclaim," wherein they alleged that they had fulfilled their contractual obligation to Kenwood Homes. In addition, the appellants made a counterclaim for attorney fees.

The case proceeded to trial on May 28, 1997, before the Honorable Patrick Horner. On June 16, 1997, the court entered its judgment, without making findings of fact and conclusions of law, finding the appellants and Kenwood Homes were jointly liable to respondent for the sum of $16,228, as well as prejudgment interest on that amount calculated from July 15, 1996, at nine percent per annum. The judgment also provided that Kenwood Homes take nothing on its cross-claim against the appellants, and that they take nothing on their counterclaim against Kenwood Homes.

This appeal follows.

## Standard of Review

In a judge-tried case, our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). *Breckenridge Material Co. v. Allied Home Corp.*, 950 S.W.2d 340, 342 (Mo.App.1997). We will affirm the judgment of the trial court, unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## I.

In their first two points, the appellants assume that the judgment of the trial court was based upon a breach of contract theory. In this regard, the appellants allege that there was insufficient evidence to support a finding that a contract existed between them and the respondent. However, as the respondent readily concedes, he did not plead nor prove his case based upon a breach of contract theory. Rather, the respondent admits that his recovery was not based on a breach of contract theory, but that he pled and the trial court tried the case on a theory of unjust enrichment or quantum meruit. As such, this appeal does not turn on whether there was sufficient evidence to prove the

existence of a contract between the appellants and the respondent, the issue raised in the appellants' Points I and II. Thus, we need not address that issue, but turn to the issue of whether the trial court erred in entering judgment for the respondent on a theory of unjust enrichment or quantum meruit, which issue is raised in the appellants' third, fourth and fifth points.

In their Points III, IV and V, the appellants claim that the trial court erred in awarding the respondent $16,228 on his claim against them based upon a theory of unjust enrichment or quantum meruit because: (1) neither theory was pled; (2) neither theory was tried by implied consent; and, (3) there was insufficient evidence to establish each element necessary for recovery under either theory. Given the fact that we find, for the reasons stated, *infra*, that the respondent's evidence was insufficient to support a judgment for unjust enrichment or quantum meruit, we need not address the appellants' third and fourth points dealing with the sufficiency of the pleadings as to these theories, and will only address their fifth point dealing with the sufficiency of the evidence.

■ Whether a claim is based upon a theory of unjust enrichment or quantum meruit, the claimant, subcontractor, must prove nonpayment from the property owner to the general contractor. *Green Quarries, Inc. v. Raasch,* 676 S.W.2d 261, 265 (Mo.App.1984) (requiring proof of non-payment in an action for unjust enrichment); *River's Bend Red–E–Mix, Inc. v. Parade Park Homes, Inc.,* 919 S.W.2d 1, 4 (Mo.App.1996) (requiring proof of non-payment in an action for quantum meruit). This is so in that, even though the subcontractor may remain unpaid, and thereby suffer a detriment, equity will not require the property owner to pay twice for an improvement to his land. *Green Quarries,* 676 S.W.2d at 264.

■ Here, the general contractor, Kenwood Homes, as a co-defendant with the appellants as to the claim of the respondent, filed a cross-claim against them seeking payment of $7,162, the balance due under their contract. In response, the appellants filed an "Answer to Cross–Claim, Affirmative Defenses and Counterclaim," wherein it alleged

that it had fully paid Kenwood Homes, and requested the trial court to award them attorney fees in the amount of $1,500. On Kenwood Homes' cross-claim against the appellants, the trial court found for the appellants. In other words, the trial court found that the appellants had fully satisfied their contract with Kenwood Homes and owed nothing further. Given this fact, the respondent, as a subcontractor, could not succeed on a cause of action against the appellants, as property owners, on a theory of unjust enrichment or quantum meruit because he did not prove the required element of non-payment from the property owner to the general contractor. *Green Quarries,* 676 S.W.2d at 265; *River's Bend,* 919 S.W.2d at 4. Thus, in awarding the respondent a judgment against the appellants on a theory of unjust enrichment or quantum meruit, the trial court erroneously applied the law, requiring us to reverse the judgment.

Given our disposition of the appellants' fifth point, we need not address the issues raised in their sixth and seventh points.

### Conclusion

We reverse the judgment of the circuit court awarding the respondent $16,228 on its cross-claim against the appellants and remand the cause with directions to enter judgment for the appellants thereon.

All concur.